ALBANY,
February, 1809.

JACKSON, *ex dem.* HARDENBERGH and others, *against*
JACOBUS SCHOONMAKER.

Jackson
v.
Schoonmaker.

The certificate of the proof or acknowledgment of a deed, taken before a judge is not conclusive; but the party affected by the deed, may contest its validity, and the force and effect of the formal proof.

THIS was an action of ejectment for land, in the town of *Rochester*, in the county of *Ulster*. The cause was tried at the last *Ulster* circuit, before Mr. Justice *Van Ness*, and a special jury. Eight of the jurors had been on a view of the premises.

The plaintiff gave in evidence, a patent to *Beekman* and others, dated 25th *June*, 1703, called the *Rochester* patent; and a deed from *Hend. Rosekrans, Jacob De Witt*, and *Jacobus Wynkoop*, trustees of the town of *Rochester*, to *Leonard Cole*, senior; dated the 18th *November*, 1714, which was proved, the 12th *December*, 1750, before a judge of the county, by the acknowledgment of one of the grantors and by his oath, that the other grantors who were dead, had duly executed the deed, as trustees. This deed, by virtue of the certificate of the proof indorsed thereon by the judge, was recorded on the same day, in the county.

The defendant's counsel objected to the admission of the deed as evidence, because as there was no evidence of a possession accompanying the deed, it could not be received as an ancient deed; and also, offered to prove that *Jacob De Witt*, one of the grantors in the deed, at the time he made the acknowledgment certified on the deed, by virtue of which it was recorded, was *non compos mentis;* but the judge rejected the evidence, and admitted the deed to be read in evidence. The plaintiff also gave in evidence a deed from *Leonard Cole*, jun. the son and heir of *Leonard Cole*, sen. to *Jehosaphat Dubois*, dated 30th *October*, 1751; the will of *Jehosaphat Dubois*, dated the 4th *September*, 1757, devising his estate to his wife for life, with remainder to his three daughters. *J. Dubois*, died the 12th *September*, 1757, and his wife in 1792: one of the daughters died in the life-time of her mother, without issue. The other

ALBANY,
February, 1809.

Jackson
v.
Schoonmaker.

daughters, who are lessors of the plaintiff, were married before the death of their father, and have so continued.

From the opinion delivered by the court, it is unnecessary to state the rest of the evidence in the case, or to detail the numerous facts which related to the *location* of the premises. On the motion to set aside the verdict, several points were raised by the counsel, and which, on the argument of the cause, were discussed at length ; but it is requisite only to state the argument on the single point, as to the conclusiveness of the proof of the deed to *Leonard Cole*, senior.

*E. Williams*, *Rudd*, and *L. Elmendorf*, for the defendant. The proof of a deed before a judge, is *prima facie* evidence only. It would be extremely dangerous to allow these certificates of acknowledgment, or proof of deeds to be conclusive. It is well known that many certificates of the proof of deeds, for lands in the military tract, have been forged. The fact of the proof may be controverted, and the facts certified, may also be contested. The identity of the grantor may be disputed, or his infancy may be shown. The judge who takes the proof, acts as a ministerial officer, and *ex parte*. In case of a *fine*, or other conclusive acknowledgment, it is done in open court, and the taking of it is a *judicial* act, and matter of record.

*J. Tallmadge* and *Sudam*, contra. The judge is no more a ministerial officer, than a commissioner to take the acknowledgment of a fine. Being a judicial officer, his acts are to be considered as judicial. *Res judicata pro veritate accipitur*. All acts which the judge certifies as done by himself, must be considered as done, and being a matter of record by a judge, are to be deemed conclusive. Every judicial act must be intended to be rightly done. Where a *fine* is once acknowledged, either before a court, or commissioners, no averment will afterwards be received of any legal disability of the *cognisor*, as that he was an idiot, lunatick, or *non compos mentis*.* It would be extremely inconvenient, after a deed has been re-

* *Cruise's Dig.* tit. 35. ch. v. s. 33. See also s. 6, 7, 8. and tit. 36. ch. viii. s. 17, 18. 2 *Leo.* 159. *Keble*, 480. *Dyer*, 222. 4 *Co.* 124. 12 *Co.* 112. 124. 1 *Sid.* 321. 10 *Co.* 42. 10 *Co.* 106. *Hob.* 225.

corded above 50 years, that the certificate or act of the judge should be impeached, and the record be thereby invalidated.*

*Per Curiam.* The acknowledgment, and proof of deeds, is merely for the purpose of recording them, and is not conclusive on the opposite party. The proof or acknowledgment is, necessarily, *ex parte;* and the party who is to be affected by the deed, ought, at any time, to be allowed to question its validity, and the force and effect of the formal proof. To consider the certificate of the judge as conclusive on this subject, would produce manifest injustice. As there was a misdirection of the judge in refusing the evidence offered to rebut the proof of the deed to *Cole*, which was taken in 1750, we think there ought to be a new trial with costs, to abide the event of the suit. We give no opinion on the location of the deed, which has been so much contested.

New trial granted.