Peck, C. J.
On the trial in the district court, the plaintiff in error objected to the reading of certain portions of the deposition of Joseph Struble, taken in a chancery suit between the same parties, affirming the legal incapacity of Henry Lore, *150 deceased, at the time the deeds to his son Zacharias were ex ecuted, and also tending to show, that the deeds were pro< cured by the influence and persuasion of the mother of Zacharias. Struble was one of. the subscribing witnesses, and the magistrate who took and certified the acknowledgment of the said Henry, that each of said conveyances was his voluntary act and deed.
The plaintiff in error objected to the testimony for the following reasons :
l! That Struble being the magistrate certifying the acknowledgment, was incompetent to testify to the grantor’s-want of legal capacity at the time.
2. That proof of the acts and declarations of Mrs. Lore-in urging the conveyances, as stated in the deposition, was not competent testimony, at lato, to avoid the deed of one-competent to convey.
The portions objected to read as follows :
“ The mind of Henry Lore, at the time he executed the-deed, was very feeble and weak.”
“ I think there were some influences made, at the time the deed was executed, to make him execute the deed.”
“ I think that Henry Lore, at the time he made this deed; was not capable of making a contract. This was my opinion at the time; and I think he was not capable of disposing of his property at that time, for he was very feeble indeed.”
And being cross-examined as to the “ influences ” alluded to, and their manifestations, he also stated :
“ From the fact that the old lady went to the bed, and talked to him, and he seemed to take no part in the matter, I thought he was influenced to make the deed.
“ She refused to execute the deed to Thomas, and went out of doors, and I went out and conversed with her, and reasoned' the matter with her, and Thomas afterward agreed to give the-six dollars per acre for his. She refused to execute this deed unless Thomas would give six dollars per acre, and the old man should make the deed to Zacharias; that is, she refused to give or relinquish her right of dower.”
“ I can not say there was much said at the time; for the con *151 versation was between him [Henry Lore] and his wife, and was very low, so that I could not hear. I know the old lady went out of doors, and refused to sign a deed going to Thomas Lore, son of Henry Lore, unless the old man would give this deed to Zacharias, and Thomas should pay six dollars per acre, instead of three dollars, for the land he was about to have deeded to him.”
The magistrate does not exercise judicial functions in taking such acknowledgment. He is not required to determine and to certify as to the grantor’s capacity, and we presume he never supposed he had done so, by using the word “ voluntary ” in his certificate. If the grantor acknowledges the “ signing and sealing ” of the instrument, it is his duty to certify that fact, and there his duty ends.
His act, though official, is purely ministerial, and the adverse party is not thereby precluded from showing the grantor’s legal incapacity at the time. 2 Selden, 434; 8 Barb, 463; 4 Johns. 161.
The plaintiff’s counsel seems to admit this, but insists, that public policy prohibits a magistrate from disproving a fact to which he has certified. But the argument loses much, if not all of its force, when we consider he is not required to certify any such thing, nor empowered to make any such investigation.
The reasons which would close the lips of the magistrate,, also apply to the subscribing witnesses. The grantor, under the statute, must ,dso acknowledge the signing and sealing to them, and they in the form used in the deeds, attest that acknowledgment. If all were excluded, public policy would be violated, rather than promoted, by the exclusion.
We do not doubt that Struble was a competent witness to prove the legal incapacity of Henry jLore, at the time the deeds were executed; the weight and effect of his testimony being left to the jury, and contrasted, if need be, with the certificate he had signed.
The objections to portions of his deposition, relating to the mere weakness of body and mind of Henry Lore not amounting to legal incapacity; and to influences and persuasions of *152 bis wife, not amounting to duress, will be considered in connection with the charge of the court upon the same points.
The bill of exceptions does not profess to set out all the testimony, of which there is said to have been an immense mass, occupying several days in its accumulation; but only so much thereof, as was necessary to show the pertinency of the instructions moved by the plaintiff in error. But it sufficiently appears that the formal execution of the two deeds from Henry to Zacharias Lore was not disputed, and that the testimony was limited mainly to the capacity of the grantor; the extreme weakness of his body and mind; and the exer eise of undue influence over him by Mrs. Lore, and the further point, that there had been no such delivery of either deed, as vested the title in the grantee and those claiming under him. This paucity of statement as to the testimony, makes it extremely difficult for us to determine whether some of the qualifications annexed by the court to the instructions asked, were, or were not, authorized by the testimony in the cause. We therefore propose to confine ourselves, mainly, to the consideration of certain points arising out of the instructions given, and the instructions refused, and as to which no such difficulty exists.
The plaintiff in error having given in evidence the two deeds from Henry Lore to his son Zacharias, then about sixteen years of age, signed by the said Henry with his mark, and purporting to be duly sealed, attested and acknowledged, and having also proved that Zacharias and those claiming under him had been in possession of the lands in controversy, in accordance with said deeds, ever since the death of said Henry, in October, 1842, a period of more than eighteen years, asked the court to charge the jury as follows :
“ That a deed executed by the grantor’s making his mark, at the place of signature, is quite as well executed, in estimation of the law, as by writing his name in full; and the burden of proof is upon the plaintiff, in this case, to satisfy the jury that Henry Lore, senior, did not assent to the execution of the two deeds to his son, Zacharias Lore, exhibited in evi *153 -dence, in the form and manner in which those deeds appear, on their face, to have been executed.”
This charge the court refused to give as asked, but in reply •thereto did charge:
1. “ That a deed would be as well executed in that manner as by the grantor signing the same. But the jury are to inquire, from all the evidence, as to the fact of the deed having been executed by the grantor.
“ It is necessary that the grantor should have been of sound and disposing mind at the time of executing the deed, and that Ihe should have been left to the free exercise of such mind in its execution.
“ If the evidence introduced by the parties, upon this point, .satisfies you that Lore, at the time of executing the deed, was not possessed of such mind and memory as to be able to call to mind his relations to his property and the members of his family having -a natural claim upon his bounty, and form a general correct opinion of the value of the property and the relations he sustained to the objects of his bounty, he was incapable of making a deed of gift for any or all of his property.
“ And, even if he possessed sufficient mind and memory, if ■extremely weak and easily influenced, the persuasion and importunities of others so controlled the execution of the deed ns to show it to have be.en made by the dictation and direction of others, and not in accordance with his own will, and such as he would not have made or approved, the deed so made would be invalid.
“ If the proof satisfies you of the existence of either of these objections to the deed, the deed would thereby become invalidated; otherwise the deed would be and remain in full force.”
“That such a deed, properly attested and acknowledged, when produced by the grantee or those claiming under him, was prima fació evidence of its own execution and validity; but that, other testimony having been delivered in this case, the jury should now ascertain, from all the evidence, whether Henry Lore, senior, did or did not intend to execute the two *154 deeds mentioned, or either of them, in the manner and with the qualifications before specified.”
We see no objection to the charge asked by the plaintiff in error, as we understand it. The grantor’s adoption of a signature by affixing his mark thereto, the deed being in other respects regular, is as effective to transfer the estate, as if his name had been written thereon in full by himself; and the production of such a deed by one in possession under it, its formal execution being admitted, in view of the evidence stated in the bill of exceptions, casts the burden of showing it is not, in law, the deed of him it purports to bind, upon the party who denies its validity. The presumption arising from the execution and acknowledgment of the instrument and the possession under it, must be met and overcome; and if, in view of all the circumstances surrounding its execution, it is really doubtful how the fact is, that doubt should be resolved against him upon whom the burden of proof is cast.
When the court is asked to give a special instruction to the jury, and declining to give it in the words requested, uses language of its own selection, care should be taken to cover the whole point of the charge asked which is material, otherwise the charge, though so intended, will not be a substantial compliance with the request.
The point of the charge solicited, was, that under the circumstances in evidence — the production of the deeds by the defendant below and the long possession in accordance with them, cast the burden upon the plaintiff of satisfying the jury, that the grantor did not in fact or law assent to their execution. The court by saying in reply, that such deed when produced by the grantee or those claiming under him, “ was prima facie evidence of its own execution and validity,” may have thought it had substantially complied with the request ; and a lawyer would probably understand, that in such case, the presumption of the due execution and validity of the deed would continue until it was disproved; but a jury for whose information alone the charge was asked, without some further comment, would hardly suppose, that the solemnity of she instrument and its formal acknowledgment before a magis *155 trate, constituted a part of the evidence they were instructed to consider.
The charge, however, is liable to a graver and still more fatal objection. It was an issue in an action of ejectment, commenced prior to the code, while legal and equitable rights- and remedies, though enforced by the same court, were kept as distinct and independent as if administered by different tribunals. The court charged the jury, substantially, that although the grantor may have possessed sufficient mind and' memory to make a valid conveyance of his land, yet if he was extremely weak and easily influenced, and, by means of importunities and persuasions of others, had been induced to-execute a deed of gift to his son, which he would not otherwise have made or approved, such deed would be invalid at' law.
- This position, taken in its entire length and breadth, is not true either at law or in equity. It is not true at law, for it' is well settled that a deed can not be avoided in that forum,, except for fraud in the execution. Such as misreading, false substitution, or other fraud or imposition practiced upon the-grantor in procuring his signature or seal. A fraud which goes to the question, whether or not the instrument ever had' any legal existence. Hartshorn et al. v. Day, 19 How. 223, and cases cited by Nelson, J.
The rule never was extended to cases where undue influence has been exercised, to procure a deed from one having the legal capacity to convey. Such undue influence is classed among: constructive frauds; and the only relief in such cases is in. equity. Clary v. Clary, 2 Iredell, 85; 1 Story Eq. Jurisp. chap. 7.
Nelson, J.,
in 19 How. supra, remark's: “It is said that' fraud vitiates all contracts, and even records; which is doubtless true in a general sense. But it must be reached in some regular and authoritative mode; and this may depend upon the forum in which it is presented.”
The fraud which vitiates a deed obtained' by undue influ - ence and persuasion, is collected or presumed from the circumstances, in equity. “At law it must be proved, not presumed¿, *156 •so that equitable jurisdiction may be exercised upon an in' -strument unduly obtained, when a court of law could not enter upon the question.” 4 Cow. 220, and cases cited.
It is clear that a deed obtained, by undue influence, from one having legal capacity to convey, can not be avoided at law, .and the doctrine of the charge, to the extent there stated, is not true even in equity. Courts of equity will not vacate a •deed obtained by means of influence or importunity, unless it it has been unduly or improperly exercised. Eair argument .and persuasion, or appeals to the conscience or sense of duty • of the grantor, especially by those having claims upon his justice or his bounty, if fairly made, lay no foundation for va- ■ eating a deed although the grantor would not have executed it but for such appeal, argument or persuasion.
The court in its charge seem to suppose, that as the deed to Zacharias was a mere deed of gift by a father, shortly before his decease, and therefore testamentary in its character, it .should be subjected to the more extended rules applicable to wills, and designed to secure the perfect freedom from restraint required by the statute. If this were true, it would not avail the contestant in a court of law. Under our statute, wills can •only be contested in chancery; and aside from the peculiar provisions regulating the execution, the contest is to be con•ducted under the rules pertaining to such courts.
At law there can be no difference between deeds of gift and other conveyances. The issue is the same in both — did he execute the instrument ?
The remedy, if any, was in chancery, which has the undisputed power to vacate deeds when obtained by undue influ•ence, and in so doing will so mold its decree, as to do exact justice to all, which the comparatively inflexible rules of the •common law will not permit. And the effect produced upon the person subjected to such influences, is then committed to triers, removed from all local prejudices, and whose habits of thought and study fit them, peculiarly, for such investigations.
We are therefore of opinion that the district court erred in ^annexing the qualification, as to the legal effect of persuasions ••and importunities operating upon Henry Lore, to the charge *157 asked by tbe plaintiff in error. That charge should have-been given substantially, and not qualified by annexing to it’ considerations not available to defeat the deed, in the forum, determining its validity.
There was error also in admitting proof of the conduct and persuasions of Mrs. Lore, antecedent to and not connected with the execution of the deed.
■ Judgment reversed and cause remanded.
Gholson, Brinkerhoee, Scott and Ranney, JJ., concurred.-