### CITIZENS' INS. CO. v. CLAY et al.

#### (District Court, E. D. Kentucky. June 10, 1912.)

**1.** INSURANCE (§ 3*)—POWER OF STATE TO REGULATE BUSINESS.

The business of fire insurance is one which from its character and the capital required is in comparatively few hands, which has a tendency to prevent free competition, and is also a quasi public, as distinguished from a strictly private, business, which facts render it subject to reasonable state regulation.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 3; Dec. Dig. § 3.*]

**2.** CONSTITUTIONAL LAW (§§ 242, 298*)—INSURANCE (§ 4*)—STATE REGULATION OF RATES—KENTUCKY STATUTE.

A fire insurance company of another state doing business in Kentucky under a license annually renewed is not entitled to a preliminary injunction to restrain enforcement of the State Insurance Rate Law (Laws Ky. 1912, c. 5), which became effective March 4, 1912, creating a State Insurance Board, with power to require certain data to be furnished by companies doing business in the state, and therefrom to establish rates which shall be the only lawful rates, on the ground that it is unconstitutional as depriving complainant of its property without due process of law, or denying it the equal protection of the laws, at least in advance of any action of the board fixing rates.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 691, 847; Dec. Dig. §§ 242, 298;* Insurance, Cent. Dig. § 4; Dec. Dig. § 4.*]

**3.** CONSTITUTIONAL LAW (§ 242*)—EQUAL PROTECTION OF LAWS.

A provision in a state statute for classification of insurance companies for rate-fixing purposes does not render it unconstitutional as denying to some the equal protection of the laws.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 691; Dec. Dig. § 242.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by the Citizens' Insurance Company against Matt C. Clay and others. On motion for preliminary injunction. Motion denied.

The Kentucky State Insurance Rate Law, effective March 4, 1912, provided that a State Insurance Board be created; that fire insurance companies file with the board specific data regarding the insurance rates in force in all localities in the state and affecting the propriety of such rates; that the board should then fix and publish schedules and tables showing sufficient basis for forming a reasonable rate for every insurance risk in the state; that the rate obtained by the application of these schedules shall be the lawful rate in the state, and that it shall be unlawful to use any other rate; that no insurance company shall engage or participate in insurance in the state until it has complied with the act, and no company or agent shall write insurance at any different rate from that fixed, or make any refund or concession; that the Circuit Court may review and vacate any rate-fixing order found to be unreasonable, unjust, excessive, or inadequate; that those violating the act shall suffer prescribed penalties, including suspension or revocation of license; and that purely mutual or profit-sharing companies or co-operative companies, not operating for profit, and church insurance companies, should be exempted from the act. The board was organized and demanded from the insurance companies the specific data. Thereupon complainant, a Missouri corporation, holding an annually renewed license in Kentucky, filed its bill asking an injunction against the enforcement of the law, claiming that the law is invalid because in violation of the "due process of law" and "equal protection of the laws" constitutional provisions.

On motion for preliminary injunction, heard before DENISON, Circuit Judge, and COCHRAN and HOLLISTER, District Judges, proceeding under section 266 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1162 [U. S. Comp. St. Supp. 1911, p. 236]).

PER CURIAM. Having what they think due regard for the settled rule that a federal court of first instance should not declare a state statute unconstitutional, where the question involved is one of law and not of fact, unless that court is satisfied to a reasonable certainty that such invalidity exists, the majority of the judges who heard this application are unable to approve the issue of the preliminary injunction which is asked. The following considerations, among others, are effective in creating that serious doubt which is sufficient to defeat the motion:

[1] 1. Fire insurance is a commercial necessity, and its character tends to monopoly. To engage in the business calls for large capital. Practically it is in the hands of a comparatively small number of insurers, who naturally in many things act together or in groups, and who are so situated as to make competition in rates subject to easy control. Actual combinations to restrain competition in rates have been common enough to provoke legislation in many states, including Kentucky. The reports of the Court of Appeals of that state indicate the prevalence of such restrictive agreements, and the existence of such legislation. Bell v. Louisville Board of Fire Underwriters, 146 Ky. 841, 143 S. W. 388. True, the bill alleges and the demurrer admits that "the business of fire insurance, as carried on in the state of Kentucky, and elsewhere, by your orator and other insurance companies, is not a monopoly either legally or actually"; but on the oral argument our at-

tention was directed to the Kentucky statute and decision above cited, and it was agreed by counsel that noncompetitive agreements among agents existed in parts of the state. It is enough to say that in this business a degree of monopoly is probable, unless prevented by appropriate legislation. It seems measurably analogous to the elevator business involved in Munn v. Illinois, 94 U. S. 113, 24 L. Ed. 77, and Budd v. New York, 143 U. S. 517, 12 Sup. Ct. 468, 36 L. Ed. 247. And see Carroll v. Greenwich Ins. Co., 199 U. S. 401, 411, 26 Sup. Ct. 66, 50 L. Ed. 246.

2. The business of fire insurance is not impressed with a public use in the sense that the public can demand service, but it has at least a quasi public, as distinguished from a purely private, character. See discussion in Atty. Gen. v. Firemen's Ins. Co., 74 N. J. Eq. 372, 381, 73 Atl. 80, 414, 29 L. R. A. (N. S.) 1194, 135 Am. St. Rep. 708, 18 Ann. Cas. 1048.

3. Recognizing such public character, the business has been subjected to regulation which would be quite invalid in a purely private business, such regulations, for example, as a valued policy law (Orient Ins. Co. v. Daggs, 172 U. S. 557, 19 Sup. Ct. 281, 43 L. Ed. 552), and an increased recovery penalty (German Alliance Ins. Co. v. Hale, 219 U. S. 307, 31 Sup. Ct. 246, 55 L. Ed. 229). So, too, the legislative right seems to be recognized to the extent of limiting the amount of business a company may do in a year, the amount of commissions it may pay its agents, etc. Such regulations are familiar, and, so far as have been brought to our attention, unchallenged; but they are clearly in violation of an unrestricted right of contract. Further, the universal system of state regulation tending to make certain the continued solvency of the companies is inconsistent with any absolute right by the insured to contract for the cheapest insurance satisfactory to him. See, also, Noble Bank v. Haskell, 219 U. S. 104, 31 Sup. Ct. 186, 55 L. Ed. 112, 32 L. R. A. (N. S.) 1062, Ann. Cas. 1912A, 487, in connection with the undoubted analogy between banking and insurance.

[2] 4. Complainant is a Missouri corporation. It is permitted to do business in Kentucky under a license annually renewed. It cannot have greater rights than a domestic corporation has in the subject-matter now involved. Orient Ins. Co. v. Daggs, supra, 172 U. S. 566, 19 Sup. Ct. 281, 43 L. Ed. 552, and cases cited. Under the power of amending corporate charters reserved by the Kentucky Constitution, a general prohibition directed against all persons and corporations will effect a valid amendment of a corporate franchise, even though the prohibition might be invalid against individuals. Berea College Case, 211 U. S. 45, 29 Sup. Ct. 33, 53 L. Ed. 81. See, also, the discussion and cases cited in Hancock Ins. Co. v. Warren, 181 U. S. 73, 76, 21 Sup. Ct. 535, 45 L. Ed. 755. The power is clear to refuse a charter to a corporation, unless it would accept the regulation now proposed; and so the only question must be whether this sort of corporate regulation will defeat or substantially impair the object of complainant's license, or any right which, pursuant to the license, is vested in complainant to the business which complainant has built up. Berea College Case,

supra, 211 U. S. 57, 29 Sup. Ct. 33, 53 L. Ed. 81. An amendment to a corporate charter forbidding a company to charge more than "reasonable rates" does not seem a clear departure from the field of reserved control into the field of confiscation of vested rights.

5. The board has fixed no rates. Whether it will reduce existing rates at all is surmise; and whether its regulation would in the end work any pecuniary injury to complainant is still further uncertain. A somewhat similar situation was considered in McChord v. L. & N. R. R., 183 U. S. 483, 22 Sup. Ct. 165, 46 L. Ed. 289, and the Supreme Court held the application premature. It is true that in the present case complainant denies the power of the State Board to make any regulation whatever, and claims that by reason of such lack of power the whole law is invalid; but the same thing was true, for different reasons, in the McChord Case. It is true, also, that both parties now unite in requesting us to overlook this consideration, and to decide the merits of the ultimate question. We do not feel compelled to pass upon this request, as we do not rest our decision upon the possibly premature character of the bill.

[3] 6. The provision for classification of insurance companies does not offend against the "equal protection" clause. Fidelity Mutual Life Ass'n v. Mettler, 185 U. S. 308, 322, 22 Sup. Ct. 662, 46 L. Ed. 922, and cases cited; Heath & Milligan Mfg. Co. v. Worst, 207 U. S. 338, 354, 28 Sup. Ct. 114, 52 L. Ed. 236; Ozan Lumber Co. v. Union County Bank, 207 U. S. 251, 256, 28 Sup. Ct. 89, 52 L. Ed. 195.

7. We do not interpret the act as requiring insurance companies to furnish any information except that which they already have. With this view, there is no serious burden in complying with the act up to the time when the board may make an order claimed to be an invasion of complainant's vested rights. When that time comes, if it does, an imminent danger of losing its license for refusing to comply with such an order might present a different situation.

It follows from the views above expressed as those of the majority (and in some parts of which all the judges agree) that the motion for injunction should be denied. The demurrer will be disposed of by the district judge, and he will either enter an order upon that subject in the regular course of business, or he will delay such order so as not (possibly) to embarrass an appeal under section 266, as the parties may prefer.