UNITED STATES, to Use of MORRIS, v. RICHARDSON et al.

(Circuit Court of Appeals, Fourth Circuit. May 4, 1915.)

No. 1324.

1. PRINCIPAL AND SURETY ⊕➞144—RIGHT OF SURETY TO SET-OFF—STATUTORY PROVISIONS.

Under Code Va. 1904, § 3298, authorizing a surety to assert as a set-off any claim which his principal would have had against plaintiff, suing the surety, a surety of plaintiff and a defendant may, when sued with defendant for a debt due from defendant to plaintiff, assert as a set-off a claim due from plaintiff to defendant, though the transactions out of which the debts arose are distinct, and though defendant is bankrupt.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 393–396; Dec. Dig. ⊕➞144.]

2. PRINCIPAL AND SURETY ⊕➞144—RIGHT OF SURETY TO SET-OFF—STATUTORY PROVISIONS.

Under this statute, a surety of two contractors with the government for distinct public works, conditioned on the contractors' faithfully executing their contracts, may, when sued by one contractor for a debt due from the other contractor, set up as a set-off a claim due the latter contractor from the former contractor, in the absence of anything to show that there are persons asserting claims for supplies and materials protected by the bond of the latter contractor, or that there are such claims to be paid.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 393–396; Dec. Dig. ⊕➞144.]

3. COURTS ⊕➞342—EQUITABLE DEFENSES IN ACTIONS AT LAW—STATUTORY PROVISIONS.

Act Cong. March 3, 1915, authorizing equitable defenses in actions at law, substantially abolishes all technical distinctions between proceedings at law and in equity.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 912, 913; Dec. Dig. ⊕➞342.

Equitable defenses in actions at law, see note to Standard Portland Cement Co. v. Evans, 125 C. C. A. 5.]

⊕➞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; Henry G. Connor, Judge.

Action by the United States of America, to the use of W. G. Morris, against R. H. Richardson and others. Judgment for defendants, and plaintiff brings error. Affirmed.

S. Gordon Cumming, of Hampton, Va., for plaintiff in error.

Harry K. Wolcott, of Norfolk, Va. (Wolcott, Wolcott, Lankford & Kear, of Norfolk, Va., on the brief), for defendants in error.

Before KNAPP and WOODS, Circuit Judges, and WADDILL, District Judge.

WADDILL, District Judge. W. G. Morris and the firm of R. H. Richardson & Sons, were each general contractors engaged in government work in this community. On the 8th of July, 1910, Morris entered into a contract with the United States for the construction of a building at Portsmouth, Va., known as the "Naval Hospital Building," and on the 30th of May, 1911, Richardson & Sons contracted with the government for the construction of a building at Fortress Monroe, Va., known as the "Marine Officers' Quarters." The two contractors each gave bond to the government for the faithful execution of their contracts; the appellee the American Surety Company becoming surety on each bond. Morris did work and furnished materials as subcontractor under R. H. Richardson & Sons for the Marine Officers' Quarters at Fortress Monroe, and Richardson & Sons furnished labor and materials as subcontractors under Morris for the Naval Hospital Building at Portsmouth. Upon the completion of these contracts, which occupied some months, Morris owed Richardson & Sons $1,598.59 for work and supplies furnished the Naval Hospital building, and Richardson & Sons owed Morris $1,611.60 for work and supplies in connection with the Marine Officers' Quarters. At this stage, Richardson & Sons were duly adjudged involuntary bankrupts, and in their schedules in bankruptcy made no reference to the indebtedness between themselves and Morris, though as a matter of fact there was a balance of $13.01 due Morris.

The appellees Lackey, Wolcott & Liphart were duly elected trustees in bankruptcy of Richardson & Sons, and subsequent to their appointment and qualification this suit was instituted by the United States of America, suing for the use of W. J. Morris, against Richardson & Sons, their trustees in bankruptcy, and the American Surety Company, setting up a claim of $3,224. The American Surety Company appeared and filed its pleas of payment, condition performed, and two special pleas of set-off. Plaintiff thereupon joined issue on the first plea, admitted payment on account of said debt, whereby its claim was reduced to $1,611.60, with interest, and moved to reject the two special pleas of set-off. A jury was waived, and the case submitted to the judge, upon motion to reject said pleas and upon the merits, resulting in the judgment complained of; that is to say, the court denied the motion to reject said pleas, and gave the plaintiff judgment for $13.01, the difference between the balance due on the claim sued on and the amount due by Richardson & Sons and set up in the

offset. To this judgment the writ of error in this case was sued out, which presents mainly for the consideration of the court the question of the propriety of the court's action in overruling the defendant's motion to reject said pleas; the contention being that the pleas set up matters wholly independent of the contract sued on, and as the cause of action accrued to the plaintiff under a contract with the government of the United States, for the faithful performance of which the bond sued on was executed, the contract and bond being entered into pursuant to an act of Congress, that no defense by way of set-off of a claim arising under an independent contract, or growing out of some other transaction, could be offered as a defense.

[1] The pleas of set-off were filed pursuant to section 3298 of the Code of Virginia, which is as follows:

"Payment or set-off may be allowed, if described in plea or account; when allowed, though claim against several, and debt only to part of them. In a suit for any debt, the defendant may at the trial prove, and have allowed against such debt, any payment or set-off which is so described in his plea, or in an account filed therewith, as to give the plaintiff notice of its nature, but not otherwise. Although the claim of the plaintiff be jointly against several persons, and the set-off is of a debt not to all but only to a part of them, this section shall extend to such set-off, if it appear that the persons, against whom such claim is, stand in the relation of principal and surety, and the person entitled to the set-off is the principal."

This statute provides in terms that, where the relation of principal and surety exists, the surety may assert any claim which its principal would have had against the person seeking to recover against such surety, which is this case precisely. The defendant in error was surety for both Morris and Richardson & Sons. Morris sought to make it liable for what Richardson owed him. The surety replied that, while it was true Richardson owed the plaintiff, still the plaintiff also owed Richardson approximately the amount sued for, and that therefore it should not be required to pay money to Morris for Richardson until the former paid to the latter the amount he owed. This is clearly what should be done in the absence of some apparent and overwhelming reason to the contrary. It is what the statute of offset is intended for, and because of its reasonable and equitable character is entitled to be liberally considered. Allen v. Hart, 18 Grat. (Va.) 722; Tidewater Quarry Co. v. Scott, 105 Va. 160, 52 S. E. 835, 115 Am. St. Rep. 864, 8 Ann. Cas. 736.

The position of the plaintiff in error that this plea of set-off should not be entertained, because the same arises out of a transaction extrinsic of the plaintiff's demand, and for which an action on contract might be maintained by the defendant against the plaintiff, is not well taken. On the contrary, it is just what could be done, and this is especially true under the Virginia statute, where it is sought to make a surety pay money for its principal, which in point of fact is not due, upon an adjustment of transactions between the parties themselves. 34 Cyc. 625; Burks on Plead. & Prac. 435.

The right of a surety, when sued, to set off any debt due his principal from the plaintiff, is well settled under the Virginia authorities; the cases having gone so far as to allow this to be done, even though

the principal had become bankrupt. Wartman et al. v. Yost, 22 Grat. (Va.) 595; Edmunds' Assignee v. Harper, 31 Grat. (Va.) 637.

[2] The plaintiff in error mainly relies upon the fact that because these are government contracts, and subcontractors and all others who furnish supplies and materials are protected thereby, that this would prevent the defendants here from interposing the plea of set-off under the Virginia statute, or at all. Whatever force there may be in this position, if any, it should not be received here, since there is no suggestion that there are persons asserting or making, or that there are such claims to be paid, and to reject this defense would result in a surety having to pay money not due, because of the apprehension of the assertion of claims that have no existence.

[3] It may not be amiss to say that since the trial of this case Congress, by act of March 3, 1915, has expressly authorized the interposition of equitable defenses in actions at law, and substantially abolished all technical distinctions between proceedings at law and in equity.

The decision of the lower court is plainly right, and should be affirmed.

Affirmed.