# VAZQUEZ ET AL.

*v.*

# GONZALEZ.

San Juan, Law, No. 1267.

JOINDER OF PARTIES.

Federal Court—Parties.
1. Under §§ 66–68 of the Code of Civil Procedure in a suit for property belonging to a succession the widow is a proper party but not necessary where bringing her in would oust the jurisdiction.

Fraud—Court of Law.
2. It is always necessary to bring a suit in equity to cancel a proceeding for fraud. In some cases the act complained of may be deemed so fraudulent as never to have existed. The absence of an express consideration does not make a deed fraudulent in this sense.

Succession—Acceptance.
3. The acceptance by the heirs is implied, and formal acts need not be alleged.

Opinion filed January 4, 1919.

*Messrs. José* and *A. S. Povenlud* for plaintiffs.

*Messrs. Lopez de Tord* and *Zayas Pizarro* for defendant.

HAMILTON, Judge, delivered the following opinion:

This is a suit in ejectment for a finca at Ponce, brought by the heirs of a deceased owner who allege that a deed by their

ancestor is void for lack of consideration. The demurrer of defendant sets up several defects.

1. It is alleged in the first place that the widow as part of the succession of the deceased ancestor is a necessary party to the suit, and upon refusal to join as plaintiff, as alleged, she should have been made a defendant under Code of Civil Procedure, § 66, which is as follows:—

"Of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of anyone who should have been joined as plaintiff cannot be obtained, he may be a defendant, the reason thereof being stated in the complaint; and when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." [Compilation 1911, § 5050.]

The general rule is as stated, therefore, that persons who are united in interest must be joined according to their interest either as plaintiffs or defendants, but it is permissible hereunder in case of dissent of one who should be a plaintiff to bring him into the suit as a defendant. If this stood alone it would be necessary to join the widow on account of the civil law principle that upon the death of an ancestor his heirs succeed to his entire estate, and in fact continue his personality, the persona of the Roman law. It is true that where an individual interest alone is concerned the individual cotenant affected can sue or be sued on his own account under § 68; which reads as follows:

"All persons holding a common interest in property, or any number less than all, may jointly or severally commence or

defend any civil action or proceeding for the enforcement or protection of the rights of such party or parties."

The case at bar, however, is not one of a suit affecting only one of several cotenants. It is a suit for the whole, in which the whole succession is jointly interested.

When the question is one of common or general interest, however, and it is impracticable to bring them all before the court, one or more may, under § 66 above quoted, sue or defend for the benefit of all. In the case at bar it is impracticable to bring the widow before the court, because she is an American citizen and bringing her in would oust the jurisdiction of the court. It would seem that the present is a proper case for omitting her as a party and permitting the suit to proceed in the name of the others for the common interest. To this effect is Velilla v. Pizá, 17 P. R. R. 1069.

2. It is also set up that the suit necessitates the practical cancelation of a deed, and that this belongs upon the equity side of this court, and not upon the law side. If that be a ground of demurrer, however, it is not fatal, because under the Act of March 3, 1915, a section numbered 274a is added to the Judicial Code, with the result that the court may order amendment to the pleadings sufficient to make the suit one at law or equity, respectively. This goes further than the equity rule 22, allowing an equity suit erroneously brought to be transferred to the law docket. The practical result of the statute of 1915 would seem to be to abolish technical distinctions between proceedings at law and in equity so far as a statute may do so. United States use of Morris v. Richardson, 139 C. C. A. 386, 223 Fed. 1010.

Moreover, it has been held in Longpré v. Diaz, 237 U. S. 512,

59 L. ed. 1080, 35 Sup. Ct. Rep. 731, that it is not always necessary to bring a suit in equity to cancel a deed or proceeding for fraud. Courts of law have very wide jurisdiction over matters of fraud, and may disregard titles or claims based thereon. In the Diaz Case it is said that it is·unnecessary to obtain the annulment of that which has already been annulled and rescind what never had been in existence.

The owner in fee has plain. remedy at law against one in possession under documents which are fraudulent and void, and need not resort to a court of equity. Whitehead v. Shattuck, 138 U. S. 146, 34 L. ed. 873, 11 Sup. Ct. Rep. 276.

The supposed nullity of the deed attacked in the present suit lies in the absence of consideration under §§ 1228 and 1242 of the Civil Code of Porto Rico, which are as follows:—

"§ 1228. There is no contract unless the following requisites exist: 1. The consent of the contracting parties. 2. A definite object which may be the subject of the contract. 3. The cause for the obligation which may be established."

"§ 1242. Contracts without consideration or with an illicit one have no effect whatsoever. A consideration is illicit when it is·contrary to law and good morals." [Compilations 1911, §§ 4334, 4348.]

At common law a deed of gift may be valid under some circumstances without consideration. Whether this principle applies at civil law under the circumstances of this case may be adjourned until the facts are developed at the trial.

3. The only other ground of demurrer which need be discussed is that the complaint does not show that the succession of the plaintiffs' ancestor has been liquidated, and that plaintiffs have accepted the inheritance. Neumann v. Trujillo, 24

Vazquez v. Gonzalez.

P. R. R. 284. That case decides that where the conjugal partnership is in question it must be alleged that it was liquidated. This point, however, is not raised by the demurrer. As to the acceptance by the heirs, it need only be said that the law does not require any formal acts of acceptance. This may be implied even from the suit in ejectment to recover the property itself. 7 Manresa, Com. 364.

It follows that the demurrer must be overruled.

It is so ordered.