**HARTFORD FIRE INS. CO. v. NANCE et al.**

(Circuit Court of Appeals, Sixth Circuit. April 9, 1926.)

No. 4513.

1. **Insurance** ☞282(1), 383—Parties to insurance contract may stipulate that its terms cannot be waived or changed, except in writing, and may make insurer's liability depend on condition of sole ownership.

Parties to contract of insurance may stipulate that its terms cannot be waived or changed, except in writing, and may make liability of insurer depend on observance or accuracy of reasonable stipulations, such as sole ownership.

2. **Contracts** ☞2.

Validity of contract depends on applicable statutes and decisions of state where contract is made or to be performed.

3. **Courts** ☞366(1), 367.

Federal courts, in construing contracts, follow state courts, where statute or local rule of property is involved.

4. **Courts** ☞372(6)—Whether insurance contract may be varied by parol evidence, to assert estoppel as to insurer's setting up defense that policy is vitiated if insured's interest was other than unconditional ownership, is matter of general jurisprudence, and not controlled by state law.

Whether insurance contract may be varied by parol evidence, for purpose of asserting estoppel to insurer's defense that policy was vitiated where insured's interest was other than unconditional, it being shown that soliciting agent was informed of such condition, is matter of general jurisprudence, and state law does not control.

5. **Insurance** ☞378(1)—Insurer may avail itself of provision in policy, vitiating it if insured's interest is other than unconditional, although agent was informed of condition of title (Gen. Code Ohio, § 9586).

Insurer may avail itself of provision in fire insurance policy, vitiating it if insured's interest be other than unconditional ownership, although insurer's agent was informed of condition of title, notwithstanding Gen. Code Ohio, § 9586, making solicitor agent of insurer.

Donahue, Circuit Judge, dissenting in part.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Action by Thomas Nance and another against the Hartford Fire Insurance Company. Judgment for plaintiffs, and defendant brings error. Reversed.

C. G. Myers, of Chicago, Ill. (Myers & Snerly, of Chicago, Ill., and Carlyle & George, of Youngstown, Ohio, on the brief), for plaintiff in error.

W. A. O'Grady, of Wellsville, Ohio, for defendant in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

MOORMAN, Circuit Judge. This is an action on a fire insurance policy issued to Thomas and Lucy Nance. There was a recovery in the court below. Defendant relied, among other defenses, upon the breach of a stipulation of unconditional and sole ownership of the property. This was based on a

provision in the policy, vitiating it "if the interest of the insured be other than unconditional and sole ownership, or if the subject of the insurance be a building on ground not owned by the insured in fee simple." The policy also provided that none of its terms or conditions could be waived, except in writing indorsed on the policy. Plaintiffs alleged that they were the "owners and seized in fee" of the property. This the defendant denied, setting up the first provision referred to as a defense. The proof showed that Thomas Nance owned an undivided half interest in the property, but that Lucy Nance owned only a life estate in the other half, the remainder being in her infant children. There was evidence to the effect that the soliciting agent was informed of the condition of the title and the interests of the children.

A statute of Ohio makes the one who solicits insurance or procures the application therefor the agent of the insurance company. Section 9586, Gen. Code. The trial court treated the stipulation as to unconditional ownership as having no binding effect. It is contended in support of the judgment, although there is no pleading to that effect, that the provision—conceded ordinarily to be valid—was waived by the company when it issued the policy because of its knowledge of the interests of the insured, or, if not waived, the company is estopped, because of that knowledge, from asserting incomplete ownership as a defense.

The question is argued here as if pleaded against the defense. We take it into account because it was treated at issue in receiving the evidence below and is vital to the case, assuming, as the evidence tends to show, that the agent of the company who wrote the policy knew that Lucy Nance did not own the fee to any part of the property. We also assume—but do not decide, in view of Insurance Co. v. Hilton-Green, 241 U. S. 613, 36 S. Ct. 676, 60 L. Ed. 1202—that the effect of the Ohio statute was to charge the responsible officers of the insurance company with the information possessed by its soliciting agent.

[1] Undoubtedly the parties to a contract of insurance may stipulate that its terms cannot be waived or changed, except in writing. Penman v. St. Paul Insurance Co., 216 U. S. 311, 30 S. Ct. 312, 54 L. Ed. 493. They may also make the liability of the insurer depend upon the observance or accuracy of reasonable stipulations inserted in the contract, such as sole ownership. Insurance Co. v. Coos, 151 U. S. 452, 14 S. Ct. 379, 38 L. Ed. 231. The question, then, is not one of

waiver, but of estoppel—whether in a suit at law to collect the insurance the company is estopped from setting up the provision in question as a defense against liability. Plaintiffs contend that in this case estoppel would be available under the state law, and that the contract, not only as respects its validity but also respecting permissible methods of reformation and enforcement, is controlled by that law.

[2-4] The validity of a contract, of course, depends upon the applicable statutes and decisions of the state where the contract is made or to be performed. Pritchard v. Norton, 106 U. S. 124, 1 S. Ct. 102, 27 L. Ed. 104; Union Trust Co. v. Grosman, 245 U. S. 412, 38 S. Ct. 147, 62 L. Ed. 368. It is also true that the federal courts, in construing contracts, will follow the state courts, where a statute or local rule of property is involved. If the case turned on either of these principles, we would be bound to follow the Ohio law. It is upon the premise that it does that plaintiffs insist on the application of Foster v. Insurance Co., 101 Ohio St. 180, 127 N. E. 865, where it was held that the insurer was estopped, by its knowledge of the breach of a provision similar to this, from setting up the breach as a defense against liability. We think the state law does not control, because neither the validity of the contract nor any statute of the state or local rule of property is involved. The contract was valid under the Ohio law. What we must finally determine is not a matter of validity or interpretation; it is whether the terms of a written contract—where the contract itself prohibits modification except in writing—may be varied by parol evidence for the purpose of asserting estoppel. This, we think, is a matter of general jurisprudence. Carpenter v. Insurance Co., 16 Pet. 495, 10 L. Ed. 1044; Liverpool Steam Co. v. Phenix Insurance Co., 129 U. S. 443, 9 S. Ct. 469, 32 L. Ed. 788; Insurance Co. v. Moore, 231 U. S. 543, 34 S. Ct. 186, 58 L. Ed. 356.

[5] The availability of a provision of this character as a defense was considered in Assurance Co. v. Building Ass'n, 183 U. S. 308, 22 S. Ct. 133, 46 L. Ed. 213. That case was taken by the court on certiorari because of the conflict in the different circuits, it having been decided below (101 F. 77, 41 C. C. A. 207) under the rule of Nebraska, where the case originated, that estoppel was an available defense. This was in accord with the later New York cases and the Ohio rule and was seemingly supported by Insurance Co. v. Wilkinson, 13 Wall. (80 U. S.) 222, 20 L. Ed. 617. Those decisions rested on the

ground that, if the company had full knowledge of the facts at the time the policy was issued, it would be a fraud on the insured to permit it to plead a breach of one of the conditions. In repudiating that doctrine the court said: "This mode of reasoning overlooks both the general principle that a written contract cannot be varied or defeated by parol evidence and the express provision that no waiver shall be made by the agent, except in writing indorsed on the policy"—holding that it was indifferent whether the condition turned on facts existing when or before the contract was made or on facts subsequently occurring. The opinion proceeds on the idea that to permit the insured to show in an action of this kind that the company issued the policy, knowing that one of its conditions had not been and would not be observed by the insured, would be a subterfuge for permitting the introduction of parol evidence to contradict the written instrument; and the insured was relegated to his right to an action in equity to reform the contract on the ground of fraud or mutual mistake in its execution. This course was later pursued. 203 U. S. 106, 27 S. Ct. 27, 51 L. Ed. 109.

The principle was again announced in Lumber Underwriters v. Rife, 237 U. S. 605, 35 S. Ct. 717, 59 L. Ed. 1140. That case cannot be distinguished by the absence of a statute making the soliciting agent the agent of the insurance company, nor upon the ground that the critical condition of the premises was of a temporary character, easily remedied. The fuller statement of facts in the Circuit Court of Appeals opinion, 204 F. 32, 122 C. C. A. 346, shows that such a statute would not have charged the company with any knowledge that it did not already have in the report of its inspector, which was at the home office when the policy was issued, and showed both the existence and permanency of a forbidden condition of the premises. These authorities, we think, are controlling.

Judgment reversed.

DONAHUE, Circuit Judge. I concur in the judgment of reversal, because the pleadings present no question of estoppel and the evidence upon which estoppel is now claimed is somewhat vague and indefinite, and apparently was not offered, received, or considered for the purpose of raising that issue. I do not concur in the reasons stated in the majority opinion upon which this reversal is based.

The Hartford Fire Insurance Company is a Connecticut corporation. As a condition

of its doing business in Ohio it must comply with the laws of that state. National Ins. Co. v. Wanberg, 260 U. S. 71, 75, 43 S. Ct. 32, 67 L. Ed. 136; Hooper v. California, 155 U. S. 648, 652, 15 S. Ct. 207, 39 L. Ed. 297, and cases there cited. The business of insurance companies is not interstate commerce, but purely an intrastate transaction, governed by the local law; Hooper v. California, supra; Insurance Co. v. Wanberg, supra; Miller v. Maryland Casualty Co., 193 F. 343, 113 C. C. A. 267; Hancock Mutual Life Ins. Co. v. Warren, 181 U. S. 73, 75, 21 S. Ct. 535, 45 L. Ed. 755; New York Life Ins. Co. v. Deer Lodge County, 231 U. S. 495, 34 S. Ct. 167, 58 L. Ed. 332; Orient Ins. Co. v. Daggs, 172 U. S. 557, 19 S. Ct. 281, 43 L. Ed. 552; New York Life Ins. Co. v. Cravens, 178 U. S. 389, 20 S. Ct. 962, 44 L. Ed. 1116. The validity and construction of a contract depends upon the applicable statutes and decisions of a state in which the contract is made or to be performed. Union Trust Co. v. Grosman, 245 U. S. 412, 38 S. Ct. 147, 62 L. Ed. 368; Pritchard v. Norton, 106 U. S. 124, 1 S. Ct. 102, 27 L. Ed. 104.

The insurance business is affected with a public interest, and the state in which insurance contracts are written and to be performed has the right to regulate and control that business, whether it be conducted by a foreign or domestic corporation. National Ins. Co. v. Wanberg, supra; German Alliance Ins. Co. v. Lewis, 233 U. S. 389, 34 S. Ct. 612, 58 L. Ed. 1011, L. R. A. 1915C, 1189; Waters-Pierce Oil Co. v. Texas, 177 U. S. 28, 20 S. Ct. 518, 44 L. Ed. 657. The laws of Ohio apply to all companies engaged in the insurance business. There is no discrimination, and no denial of the equal protection of the law. A state can certainly do with foreign corporations what it may do with corporations of its own creation. Hancock Life Ins. Co. v. Warren, supra; National Ins. Co. v. Wanberg, supra. An express agreement in the application or the policy cannot avoid the law of the state in which the policy is written. National Ins. Co. v. Wanberg, supra; New York Life Ins. Co. v. Cravens, supra; Mutual Life Ins. Co. v. Hill, 193 U. S. 551, 24 S. Ct. 538, 48 L. Ed. 788.

Nor does it appear that there is any conflict between the cases above cited and Assurance Company v. Building Association and Lumber Underwriters v. Rife, cited in the majority opinion. So far as appears from the opinions in these cases, no statutes of the states in which the insurance contracts were written were involved. In the absence of local regulations, it may well be said that

the validity and construction of such contracts are questions of general jurisprudence. It would seem from the foregoing cases that the Supreme Court of the United States has settled beyond further controversy that contracts of insurance are local contracts, that they are affected by a public interest and subject to the control and regulation of the state, and must be construed and their validity determined by the local law and public policy of the state in which they are written and are to be performed.

Section 9586 of the General Code of Ohio provides that a person who solicits insurance and procures the application therefor shall be held to be the agent of the company issuing the policy, anything in the application or policy to the contrary notwithstanding. In Foster v. Scottish Union, 101 Ohio St. 180, 127 N. E. 865, a case in which the facts as to title were substantially identical with the facts in this case, the Supreme Court of Ohio held that, where the company's agent had full knowledge of the assured's title to the property, and with such knowledge and on behalf of the company issued the policy and accepted payment of the premium, the company was estopped to assert as a defense to its liability on the policy that the insured was not the absolute owner in fee simple of the property insured. In construing and applying section 9586, G. C., the court further held that under its provisions a person who solicits insurance and procures the application therefor is the agent of the company, that the knowledge of such agent is the knowledge of the company, and that plaintiff could recover, notwithstanding a clause in the policy provided that "no officer, agent, or other representative of this company shall have power to waive any condition or provision of this policy, except by agreement indorsed hereon or added hereto." This Ohio statute was in force and this decision was announced some years prior to the writing of the policy in suit. Necessarily the law of Ohio, as construed and applied by the court of last resort of that state, entered into and became a part of this contract of insurance, the same as if it had actually been written therein.

If the majority of the court is correct in the assumption that the question of estoppel was presented by the introduction of this evidence, and the evidence is sufficient to show knowledge on the part of the agent as to the title of the insured, then under the law of Ohio this judgment is right, and ought to be affirmed, without requiring the defendant to bring a suit in equity to reform the contract. This action was brought in the Ohio court. It was removed by the insurance company to the federal court upon the sole ground of diversity of citizenship. If the cause had continued to final judgment in the Ohio court, then, under the law and public policy of Ohio, as declared by statute and the court of last resort of that state, the plaintiffs would have been entitled to judgment upon proof that the agent was fully informed as to her title.

It was declared by the Supreme Court of the United States, in Union Trust Co. v. Grosman, 245 U. S. 412, 418, 38 S. Ct. 147, 148, 62 L. Ed. 368, that, "if the decree would have been right in a court of the state of Texas it was right in the District Court of the United States sitting in the same state," citing Pritchard v. Norton, 106 U. S. 124, 129, 1 S. Ct. 102, 27 L. Ed. 104. If, on the other hand, a federal court refuses to apply the laws of a state in reference to a contract of insurance made and to be performed within that state, which contracts the state has a right to regulate and control, because they are affected with a public interest, there can be no harmony between state and federal decisions. Nor can there be uniformity in a state system of insurance, if domestic insurance companies must comply with the law and public policy of a state, and foreign insurance companies, in direct competition with the domestic companies, may avoid compliance therewith, when the amount in controversy exceeds three thousand dollars, by merely transferring the cause from the state court to the federal court on the sole ground of diversity of citizenship. Miller v. Maryland Casualty Co., supra.

A state cannot permit its system of insurance to be operated upon other than a uniform system, under which foreign and domestic insurance companies will be liable alike and the policy holders equally protected, regardless of whether their property is insured in a foreign or domestic corporation. This uniformity is not possible under the rule announced in the majority opinion that, notwithstanding local regulations, questions of this character are of general jurisdiction, and therefore federal courts are not required to enforce the law and public policy of a state in which the insurance contract is written and to be performed. Foreign corporations cannot be denied the right to remove a cause from a state to a federal court. It follows that the only way in which a state can preserve the uniformity of its insurance system is to deny to foreign insurance compa-

nies the right to do business therein. No doubt foreign insurance companies would much prefer to do business upon equal terms with domestic insurance companies, rather than to be denied the privilege of doing business in that state.

It is also said in the majority opinion that the question for determination in this case is "whether the terms of a written contract—where the contract itself prohibits modification, except in writing—may be varied by parol evidence." I do not so understand this record. On the contrary, it is a question of estoppel on the part of the defendant to insist upon the provisions as to plaintiff's title to this property, when it knew at the time it issued this policy and accepted payment of the premium, the exact condition of that title. There is a well-recognized distinction between waiver and estoppel. The first implies a voluntary agreement, express or implied, to relinquish a known right. Estoppel is not predicated upon contract, but upon the principle "that, where one party has by his representations or his conduct induced the other party to a transaction to give him an advantage which it would be against equity and good conscience for him to assert, he would not in a court of justice be permitted to avail himself of that advantage." Insurance Co. v. Wilkinson, 13 Wall. (80 U. S.) 222, 223, 20 L. Ed. 617. It was first established by courts of equity, and has since been extended to courts of law. McAfferty v. Conover, 7 Ohio St. 99, 70 Am. Dec. 57.

If the insurance company, at the time it issued this policy, intended to insist upon this provision as to title, then the policy was worthless when issued, and the company knew it was worthless. It also knew that the defect in the title was of a permanent nature, and not a mere temporary condition, that might easily be remedied by the assured, as in the Rife Case. It also knew that, even if Lucy Nance did later secure the fee-simple title to the undivided half of this property, it would have no effect upon the validity of this contract.

It is perhaps unnecessary to extend this opinion in reference to the doctrine of estoppel so clearly established by the Supreme Court of the United States and the state of Ohio; nevertheless I desire to call attention to the facts in this case for the purpose of demonstrating that, if any question is presented by the record, it is a question of estoppel, and not a question of varying the terms of a written contract by parol evidence.

Under the settled public policy of Ohio, the knowledge of the agent as to the title of the property insured is the knowledge of the insurance company he represents. The company, therefore, knew that, prior to the death of Frank Nance, Thomas Nance and Frank Nance were the owners in fee simple of this property. It had insured it in their name for several years. It knew that Frank Nance was dead, leaving a widow, Lucy Nance, and several children; that Lucy Nance was also the administratrix of Frank Nance, and as such administratrix, applied for the renewal of the policy that had expired, or was about to expire. It knew that as widow and administratrix Lucy Nance was not the owner of the undivided half interest therein, but as widow she was the owner of an undivided one-third of one-half interest for and during her life; that this was an insurable interest, and that Thomas Nance was the owner in fee simple of the undivided half of this property. With this knowledge as to the title of Thomas and Lucy Nance, the insurance company issued to them its policy of insurance, and accepted the premium thereon without complaint or objection as to the title until the loss occurred. The presumption naturally obtains that, if no loss had occurred during the life of the policy, no objection would have been made, and the premium would have been retained by the company.

It is not claimed that Lucy or Thomas Nance fraudulently concealed or misrepresented any fact, or intended any fraud upon this company. To permit this defense now would be in effect to hold that this insurance company purposely perpetrated a fraud upon these plaintiffs, accepted their money for the premium, and issued to them a policy that it had no intention whatever of paying in case of loss. That, of course, was not the purpose and intent of this insurance company. It was not organized, and its business is not conducted, for the purpose of defrauding widows and orphans, or for that matter any one else, by accepting money for the premium and issuing a policy that it has no intention whatever of paying in case of loss; yet there is absolutely no theory upon which the conduct of the insurance company can be reconciled with honesty and fair dealing, except upon the theory that it intended to insure this property, regardless of the defect in the title of which it then had full knowledge.

It is said by the Supreme Court of the United States in Insurance Co. v. Wilkinson, supra: "It is in precisely such cases as this

that courts of law in modern times have introduced the doctrine of equitable estoppels, or, as it is sometimes called, estoppels in pais." The decision of the Ohio Supreme Court in Foster v. Scottish Union, supra, is based upon this principle, so clearly stated by the United States Supreme Court in Insurance Co. v. Wilkinson, and this has been the uniform holding in Ohio. Richards v. American Fire Brick & Clay Co., 69 Ohio St. 359, 69 N. E. 616, 100 Am. St. Rep. 679; Siders v. Concrete Co., 13 Ohio Cir. Ct. R. (N. S.) 481, affirmed without opinion 87 Ohio St. 519, 102 N. E. 1124; Ins. Co. v. Roberts, 27 Ohio Cir. Ct. R. (N. S.) 10.

Of course, there is a substantial difference between a subsequent breach and an existing condition known to parties at the time the contract was made, and which, if insisted upon, would make the contract void at the time it was executed. No presumption obtains that parties to a writing purporting to be a valid contract were intending to do a vain and foolish thing. The doctrine of estoppel, when the facts are fully known to the insurance company at the time the policy is issued, is not only consistent with modern ideas as to uselessness of barren technicalities in the administration of justice, but also consistent with the public policy to prevent a multiplicity of suits. If all these facts may be proven in an action to reform a contract, there is no sound reason for holding that they may not be proven to establish estoppel in an action on the contract.

The Ohio Code provides that there shall be but one form of action, to be known as a civil action. Many other states have likewise departed from ancient forms and useless distinctions, that hinder, obstruct, and delay litigation to no purpose. To the same intent is the Act of Congress of March 3, 1915 (see section 274b, Judicial Code [Comp. St. § 1251b]), which expressly authorizes equitable defenses in an action at law. It is said by the Supreme Court in Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 242, 43 S. Ct. 118, 121, 67 L. Ed. 232: "Section 274b is an important step towards a consolidation of the federal courts of law and equity, and the questions presented in this union are to be solved much as they have been under the state Codes"—citing United States v. Richardson, 223 F. 1010–1013, 139 C. C. A. 386. Under the provisions of this act a federal court now, if it did not before its passage, has the same jurisdiction as the Ohio state court to hear and determine the question of estoppel, without requiring the added expense and delay of a separate suit in equity to reform the contract.