THE VOLUNTEER STATE LIFE INSURANCE Co., demandante y apelada, *v.* MANUEL V. DOMENECH, TESORERO DE PUERTO RICO, demandado y apelante.

Núm. 7956.—*Sometido:* Junio 4, 1940. *Resuelto:* Octubre 24, 1940.

528

*Hon. Procurador General George A. Malcolm (Ex-Procurador General B. Fernández García en el alegato), Emilio de Aldrey, Procurador General Auxiliar y A. García Rodríguez,* abogado éste de la Oficina del Superintendente de Seguros, abogados del apelante; *Jaime Sifre, Jr.* y *Gonzalo Sifre,* abogados de la apelada.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

The Volunteer State Life Insurance Company es una corporación de Tennessee. Tiene sus oficinas en Chattanooga. Fué autorizada para hacer negocios en Puerto Rico en abril 30 de 1936. Designó un agente general en esta Isla. Por medio de dicho agente procuró y obtuvo contratos de seguros de vida de un número de residentes. Dió por terminado el contrato de agencia y se retiró voluntariamente de Puerto Rico el 31 de octubre de 1936. A partir de dicha fecha no ha celebrado nuevos contratos de seguro en la Isla. Permanecieron en vigor pólizas de seguro ascendentes a $1,831,680. Desde el 31 de octubre de 1936 la compañía no ha ejercido franquicia alguna en Puerto Rico a pesar de haber sido autorizada por el Superintendente de Seguros de Puerto Rico el día 1 de julio de 1936 por un término que expiró en junio 30 de 1937. Desde sus oficinas en Chattanooga ha continuado cobrando por correo las primas de los contratos celebrados con los residentes de Puerto Rico con anterioridad al 31 de octubre de 1936. No ha tenido agente en Puerto Rico desde esta última fecha.

El 20 de febrero de 1937 la demandante rindió informe al Superintendente de Seguros de Puerto Rico contentivo de

las primas cobradas durante los meses de julio, agosto, septiembre y octubre del año 1936 y pagó en contribuciones el 1½ por ciento sobre dichas primas, de conformidad con la sección 59 de la Ley de Seguros de Puerto Rico. Hizo saber al Superintendente de Seguros que desde octubre 1 (*sic*) de 1936 ella no venía obligada al pago de las referidas contribuciones ni a rendir informes de las primas que cobraría con posterioridad a ese aviso. El Superintendente de Seguros requirió a la demandante en distintas ocasiones, con posterioridad, que rindiera información y pagara la contribución relativa a las primas cargadas después del 31 de octubre de 1936.

La cuestión a determinar es si la compañía es responsable de esas contribuciones a tenor del artículo 59, *supra* (Leyes de 1921, pág. 523), que lee en parte como sigue:

"Todo negocio de seguro de vida, hecho en Puerto Rico, y el seguro de vida de toda persona residente en esta Isla, hecho fuera del país, por compañías extranjeras autorizadas para hacer esos seguros en Puerto Rico, pagará, por contribución de franquicia, un uno y medio por ciento (1½%) sobre la cantidad de la prima bruta cargada por el seguro."

La corte de distrito resolvió que la compañía no tenía tal responsabilidad y ordenó la devolución de las contribuciones pagadas bajo protesta, con costas.

El apelante se funda en los siguientes casos: *Mutual Life Ins. Co.* v. *Spratley,* 172 U. S. 602; *Commercial Mutual Accident Co.* v. *Davis,* 213 U. S. 245; *Hagler* v. *Security Mutual Life Ins. Co.,* 244 F. 863; *Mutual Reserve, etc.* v. *Phelps,* 190 U. S. 147; *State* v. *Ackerman,* 51 Ohio St. 163 citado en *John Hancock Mutual Life Ins. Co.* v. *Warren,* 181 U. S. 73, 74 y 75; y 1 Joyce on Insurance (2da. ed.), sección 328 (*a*).

En *Mutual Life Ins. Co.* v. *Spratley,* supra, la Corte Suprema de los Estados Unidos dijo:

". . . A nuestro juicio, no puede decirse con visos de certeza que una compañía de seguros no hace negocios dentro del Estado a menos que tenga agentes en el mismo que continuamente solicitan nuevos

riesgos y continúe expidiendo nuevas pólizas para cubrir los mismos. Habiendo tenido éxito en obtener los riesgos dentro del Estado durante un número de años, no puede decirse que ella cesa de hacer negocios allí al dejar de obtener o de solicitar nuevos riesgos o de expedir nuevas pólizas, mientras que al mismo tiempo sus antiguas pólizas continúan en vigor y las primas son continuamente pagadas por los asegurados a un agente que reside en otro Estado y que en una época fué el agente en el Estado en que residían los asegurados.''

En *Provident Sav. Life Assur. Society* v. *Kentucky* 239 U. S. 103, 113, la misma corte, por voz del Juez Presidente señor Hughes, dijo:

''. . . Existe, sin embargo, una dificultad manifiesta al resolverse que la mera continuación de la obligación de las pólizas equivalía a la transacción de un negocio local sobre el cual podía imponerse una contribución de privilegio. Como contribución de privilegio ella descansa en la asunción de que lo que se hace depende del consentimiento del Estado. Mas la continuación de los contratos de seguro ya suscritos por la compañía no dependía del consentimiento del Estado. Es verdad que podrían realizarse ciertos actos dentro del Estado en relación con dichas pólizas, como, por ejemplo, el sostener una oficina o agentes aunque no se solicitaran u otorgaran nuevas pólizas, cosa que podría considerarse como equivalente a la continuación de un negocio local. En tal caso sería la realización material del negocio lo que daría derecho a que se exigiera la contribución, y no la mera existencia de la obligación bajo las pólizas anteriormente expedidas. Estas pólizas son contratos ya otorgados; el Estado no puede destruirlos ni hacer que su mera continuación, independientemente de los actos que se realicen dentro de sus límites, equivalga a un privilegio a ser concedido o impedido. Ni la continuación de la obligación en sí ni los actos realizados en cualquier otro sitio como consecuencia de la misma pueden considerarse que están dentro del dominio del Estado. (Citas)''

Parece haber quedado bastante bien establecido que los mismos actos pueden equivaler a efectuar negocios dentro del Estado para un fin y no para otro. Véase 2 Cooley Taxation (cuarta edición), pág. 1838, sección 920. Al considerar la cuestión de responsabilidad por una ''contribución de franquicia'', las cortes no parecen estar dispuestas a ir tan lejos como lo han ido al tratar de la cuestión relativa ''a si una

corporación extranjera hace negocios dentro del Estado en tal forma que se adquiera jurisdicción sobre ella en un pleito iniciado en su contra." Véase 9 Fletcher Cyc. Corp. 10,299, sección 6021, y casos supra. Sea ello como fuere, no nos es posible distinguir el presente caso del de *Provident Sav. Life Ass. Society* v. *Kentucky,* supra. La disposición estatutaria allí envuelta leía así:

"4226. *Informes y Contribuciones.*—Toda compañía de seguros, excepción hecha de las compañías de seguros de vida fraternales, no organizada bajo las leyes de este Estado, pero que haga negocios dentro del mismo, radicará el primero de enero de cada año, o dentro de los treinta días subsiguientes, en la oficina del Contador Público, para ser depositada en el Departamento de Seguros, una declaración jurada sobre todas las primas recibidas, conforme consten de la faz de la póliza original expedida, y de las primas recibidas correspondientes a los años sucesivos, ya fuere en efectivo, o en alguna otra forma, dentro o fuera del Estado, por negocios realizados dentro del Estado durante el año que finaliza el 31 de diciembre; y no se harán deducciones por dividendos o desde que se radicaron los últimos informes, sobre ninguna clase de recibos de prima, incluyendo primas sencillas, primas por anualidades y primas recibidas por renovación o reinstalación de las pólizas, primas anuales y periódicas, dividendos abonados a las primas y toda otra clase de pagos de primas recibidos durante el año precedente sobre todas aquellas pólizas que hayan sido expedidas sobre las vidas de personas residentes en este Estado o fuera de este Estado por concepto de negocios hechos dentro del Estado; e igualmente pagará al tesoro del Estado una contribución de dos dólares por cada cien dólares de primas así determinadas. Toda compañía de seguros no organizada bajo las leyes de este Estado, pero que haga negocios dentro del mismo a base de lo que se conoce con el nombre de plan industrial de seguro, mediante el cual se cobran primas semanales, rendirá igualmente al Auditor Público que será depositado en el Departamento de Seguros, una declaración jurada de todas las primas recibidas por seguro otorgado exclusivamente sobre el plan industrial; e igualmente pagará al tesoro del Estado una contribución de dos dólares por cada cien dólares de las primas así fijadas. Cualquier compañía mencionada en este artículo que realice negocios de seguro sobre un plan distinto al industrial, rendirá informes y pagará al tesoro del Estado las contribuciones que correspondan según cada informe."

La contribución impuesta de conformidad con los términos del artículo 59 de nuestra ley, supra, es una "contribución de franquicia". El artículo 2 de dicha ley también es significativo. Provee:

"El sostenimiento de un agente especial en Puerto Rico con objeto de investigar y transigir alguna pérdida en algún contrato de seguros hecho legalmente en esta Isla o con el fin de liquidar el activo y pasivo de una compañía, resultante de los negocios, mientras estuvo registrada en el país, no se considerará como hacer negocios en Puerto Rico." (Leyes de 1921, pág. 527.)

Véase también el artículo 149.

*La sentencia apelada debe ser confirmada.*

El Juez Presidente Sr. Del Toro no intervino.