THE MUTUAL LIFE INSURANCE COMPANY of New York, Respondent, *v.* LINA T. COREY et al., Appellants.

While, where under the law there is an entire lack of power to do an act in question, it may not be rendered valid by estoppel, if power to do it existed and there was a way in which it could be lawfully done, and it purports to have been so done, one who has induced another to act upon the assumption that it was in fact so done, may be estopped from questioning its validity.

An estoppel relating to an interest in land passes with the land.

The provision of the Code of Civil Procedure (§ 936), which declares that the certificate of acknowledgment of a conveyance is not conclusive and may be rebutted and its effect contested by one affected thereby, cannot be invoked to prevent the operation of an estoppel by deed.

Where the owner executes a deed of real property and delivers the same, with a certificate thereon of an officer authorized by law to take acknowl·

edgments, of the grantor's appearance before him at a place within his jurisdiction and of an acknowledgment by said grantor, of its execution, neither the latter nor one claiming title under a subsequent conveyance by him, can subsequently allege the falsity of the certificate or its invalidity, even upon a jurisdictional ground, for the purpose of impairing the estate of the grantee.

In an action to set aside a deed as a cloud on title, both parties claimed by purchase from the same grantor. Defendants' deed, which was the prior one, was perfect and valid upon its face. Upon it was a certificate of acknowledgment in the usual form signed by a notary public in and for the county of S.; the venue of the certificate was laid in that county and its county clerk authenticated in due form the official character of the notary. The deed was recorded in the county of T. where the land was situated and where the grantor lived. It appeared that the deed was in fact executed and acknowledged at the grantor's residence in the county of T.; it was executed for a good consideration, and there was no evidence that the grantor was the victim of any fraud, imposition, or duress. *Held,* that plaintiff was estopped as against defendants from claiming that the deed was not duly acknowledged.

*Jackson* v. *Humphrey* (1 Johns. 498); *Jackson* v. *Schoonmaker* (4 id. 161); *Jackson* v. *Hayner* (12 id. 469); *Jackson* v. *Perkins* (2 Wend. 308), distinguished.

*M. L. Ins. Co.* v. *Corey* (54 Hun, 393), reversed.

(Argued June 13, 1892; decided October 4, 1892.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made November 26, 1889, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This was an action to set aside a deed as a cloud upon plaintiff's title.

The facts, so far as material, are stated in the opinion.

*John J. Van Allen* for appellant. The respondent had the burden of the proof. This suit was brought by it to set aside the deed from William G. Corey to his wife and children, which is in all respects regular and valid on its face and is thoroughly prepared and certified for record and duly recorded in the proper county. It certainly is valid, unless impeached by respondent. (*Lawrence* v. *Farley*, 24 Hun, 293; *Fulton* v. *Fulton*, 48 Barb. 591; *McLean* v. *Button*, 19 id. 450;

*Brinckerhoff* v. *Lawrence*, 2 Sandf. Ch. 406; *Zimmerman* v. *Struper*, 75 Penn. St. 147; *Shurtleff* v. *Francis*, 108 Mass. 154; *Tompkins* v. *Wheeler*, 12 Pet. [U. S.] 106; *Garnous* v. *Knight*, 8 D. & R. 348; *Naldred* v. *Gilham*, 1 P. Wms. 577; *Boughton* v. *Boughton*, 1 Atk. 625; *Stirling* v. *Vaughn*, 11 East. 623; *Exton* v. *Scott*, 6 Sim. 31; *Brown* v. *Brown*, 1 W. & M. 325; *Worrall* v. *Munn*, 1 Seld. 211; *Gilbert* v. *N. A. F. Ins. Co.*, 23 Wend. 43; *Cocks* v. *Barker*, 49 N. Y. 107.) The deed from Corey was properly acknowledged and executed. (1 R. S. 101, §§ 11, 14; Laws of 1873, chap. 807; Laws of 1875, chaps. 105, 458; Laws of 1880, chap. 254; Laws of 1883, chap. 140; Laws of 1888, chap. 542; Laws of 1882, chap. 410; *Powers* v. *Sheperd*, 48 N. Y. 402; *In re Curser*, 89 id. 401; *Smith* v. *People*, 47 id. 330; 1 Kent's Comm. 521, 523, 524; *Mengon* v. *People*, 55 N. Y. 613.) If the notary did in fact take the acknowledgment at a place where he was not authorized to take it, it does not render the acknowledgment invalid, he being a public officer entitled to take such acknowledgment, having in fact taken it and made and signed, in his true and actual official character, a proper certificate in due form and regular upon its face, to which is attached a proper certificate of the clerk of his county. The only evil effect from such act would be to subject the notary to criminal prosecution for a breach of duty, or subject him to damages, if made at any improper place. (*Addis* v. *Graham*, 88 Mo. 197; *Webb* v. *Webb*, 87 id. 540; *Bradley* v. *West*, 60 id. 33; *Rockleff* v. *Morton*, 19 Me. 274; *Wright* v. *Bundy*, 11 Ind. 398; *McNeely* v. *Rucker*, 6 Blackf. 391; *Hill* v. *Bacon*, 43 Ill. 477; *Monroe* v. *Poorman*, 62 id. 528; *Lickmon* v. *Harding*, 65 id. 505; *Kern* v. *Russell*, 18 Am. Rep. 634.) The deed, even though not acknowledged, must be deemed as having been properly executed by the grantor, under his hand and seal, and witnessed by John W. Osborn, the notary public. (*Jackson* v. *Phillips*, 9 Cow. 93, 112; *Munns* v. *Dupont*, 3 Wash. C. C. 32, 42; *Kingswood* v. *Bethleham*, 1 Green, 228; *Henry* v. *Bishop*, 2 Wend. 575; *Sharpe* v. *Orme*, 61 Ala. 263; *Rogers* v. *Adams*, 66 id. 600; *Carlisle*

v. *Carlisle*, 78 id. 542; *Bassher* v. *Stewart*, 54 Md. 376; *Bradford* v. *Daws*, 2 Ala. 203; *Cahall* v. *B. Assn.*, 61 id. 235.) If the plaintiff presents a case entitling it to relief, the necessary parties for a complete determination of the action are not present here in court. (3 Wait's Act. & Def. 481.) This action cannot be maintained. (*Bruce* v. *Davenport*, 1 Abb. Ct. App. Dec. 233; *Krutz* v. *Craig*, 53 Ind. 561; *Jenkins* v. *Peyl*, 13 Pet. 241; *Peirsoll* v. *Elliott*, 6 id. 95; *Gray* v. *Matthias*, 5 Ves. 286; *Cocks* v. *Clift*, 2 N. Y. 123; 5 Wait's Act. & Def. 526; *Town of Venice* v. *Woodruff*, 62 N. Y. 462; Code Civ. Pro. §§ 388, 414; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 185; *Conklin* v. *Furman*, 48 id. 527; *Bertine* v. *Varian*, 1 Edw. Ch. 343; *Bruen* v. *Hone*, 2 Barb. 586; *Mann* v. *Fairchild*, 3 Abb. Ct. App. Dec. 152; *Spoor* v. *Wells*, Id. 199; *Lindsay* v. *Hyatt*, 4 Edw. Ch. 97; *Elwood* v. *Deifendorf*, 5 Barb. 398; *White* v. *M. Church*, 3 Lans. 477; *Peters* v. *Delaplaine*, 49 N. Y. 362; *Minor* v. *Beekman*, 50 id. 337; *Hubbell* v. *Sibley*, 50 id. 468; *Wood* v. *Wood*, 26 Barb. 356.) The plaintiff is not in a position to maintain this action; it is not a privy with Corey, either in blood or representation, in contract or on account of estate and contract together. It is neither a privy in fact or in law. (*Gilchrist* v. *Stevenson*, 9 Barb. 9; *M. Bank* v. *Seaton*, 1 Pet. 309; 2 Man. Ch. 125; *Murray* v. *Ballou*, 1 Johns. Ch. 566; *Murray* v. *Finster*, 2 id. 158; *Shepherd* v. *McEvers*, 4 id. 136; *Griffith* v. *Griffith*, 1 Pet. 309; *James* v. *Morey*, 2 Cow. 246.) The deed, in the absence of an acknowledgment, and if not witnessed, in fact containing covenants for further assurance, entitles the grantees to such conveyance as will carry into effect the intention of the parties. (*Grandin* v. *Hernandez*, 29 Hun, 399; *Wendell* v. *Wadsworth*, 20 Johns. 659; *Wood* v. *Chapin*, 3 Kern, 517; Gerard's Title Real Estate, 491, 492; *Jackson* v. *Alexander*, 3 Johns. 484; *Jackson* v. *Fish*, 10 id. 456; *Jackson* v. *Root*, 18 id. 60; *Grout* v. *Townsend*, 2 Hill, 554; *Rogers* v. *E. F. Ins. Co.*, 9 Wend. 631.) The deed is good as between the parties to it. There can be no objection to the same person acting

as subscribing witness and notary at the same time. (*Dole* v. *Thurlow*, 12 Metc. 157, 166; 2 Black. Comm. 307; 3 Wash. on Real Prop. 272; *Wood* v. *Chapin*, 13 N. Y. 509; *Roggen* v. *Avery*, 63 Barb. 65; 65 N. Y. 592; *Strough* v. *Wilder*, 3 N. Y. Sup. 569; *Chamberlain* v. *Sprague*, 86 N. Y. 603.) The trial judge erred upon the trial in allowing the witness, Osborn, to testify to communications made to him when the deed was executed, or advice given by him thereon. (Code Civ. Pro. § 835; *Root* v. *Wright*, 84 N. Y. 72; *Bacon* v. *Frisbie*, 10 Wkly. Dig. 134; *William* v. *Fitch*, 10 N. Y. 550; *Briton* v. *Lorenz*, 45 id. 51; *Yates* v. *Homestead*, 56 id. 632.) The objection made by defendants' counsel to the question asked Osborn tending to prove that there was no consideration passed for the deed executed by Corey, was well taken, and the trial judge committed a grave error in overruling it and allowing the testimony to be given. (*Wood* v. *Chapin*, 13 N. Y. 509.)

*D. C. Robinson* for respondent. The action is maintainable. (*Carpenter* v. *Carpenter*, 40 Hun, 263; *R. P. Co.* v. *O'Dougherty*, 81 N. Y. 483; *Coit* v. *Grey*, 25 Hun, 444; *Ward* v. *Dewey*, 16 N. Y. 519, 530; *Schroder* v. *Guerney*, 73 id. 430; *Sanders* v. *Village*, 63 id. 492.) The Statute of Limitations is not a bar to the action. (*Miner* v. *Beekman*, 50 N. Y. 337; *People* v. *Cady*, 18 J. & S. 399, 403; *Hoyt* v. *Putnam*, 39 Hun, 402.) Hattie L. Corey was not a necessary party defendant. (Code Civ. Pro. §§ 452, 723, 1015, 3236, 3250.) It was competent to prove by the notary who took the acknowledgment, the place where it was taken. (*Hibbard* v. *Haughian*, 70 N. Y. 55; *Coveney* v. *Tannahill*, 1 Hill, 33, 36, 37; *In re Austin*, 42 Hun, 518; *In re Chase*, 41 id. 203.) The Corey deed was not duly acknowledged or attested by at least one witness and is, therefore, of no effect as against the plaintiff. (*Genter* v. *Morrison*, 31 Barb. 157; *Chamberlain* v. *Spargur*, 86 N. Y. 603; *Wood* v. *Chapin*, 13 id. 514; *Ragger* v. *Avery*, 65 id. 592; *Butler* v. *Benson*, 1 Barb. 530; *Henry* v. *Bishop*, 2 Wend. 575; *Gillett* v. *Stan-*

*ley*, 1 Hill, 127.) The exception to the refusal to find that plaintiff had notice of defendants' title when it made the loan to Corey is not well taken. (*Chamberlain* v. *Spargur*, 86 N. Y. 603 ; *Genter* v. *Morrison*, 31 Barb. 157.) Plaintiff's title is perfect. (1 R. S. 738.)

Maynard, J. Unless the plaintiff is free to impeach the defendants' deed, because it was never duly acknowledged, the judgment under review cannot stand. Both parties claim title by purchase from the same grantor ; the defendants by a conveyance executed and recorded in 1873 ; the plaintiff by a mortgage given in 1877 and foreclosed in 1881. The defendants' deed is, upon its face, perfect in every respect, and sufficient in form to convey an estate in fee in the lands described in it. The trial court has found that it was freely and voluntarily executed, and for a good but not for a valuable consideration. It was drawn by an attorney and coun- selor at law, who was lawfully commissioned as a notary public in and for the county of Schuyler, where he resided. The grantor lived in the county of Tompkins, and while the pre- cise location of his residence is immaterial, it appeared that it was but a few rods from the boundary line between the two counties, upon which his farm abutted. The deed was exe- cuted and acknowledged at his dwelling house in the county of Tompkins, before the attorney who drew it, who there filled out and signed the certificate of acknowledgment. The venue of the certificate was laid in the county of Schuyler, and the county clerk of that county authenticated in due form the official character of the notary, and the deed was, upon the day of its execution, recorded in the clerk's office of the county of Tompkins, where it has ever since remained of record, or until the entry of judgment in this action. The defendants were minor children of the grantor, the eldest being twelve years of age at the time of the grant. No collu- sion between the grantees and the notary is proven or charged, and it is not shown that the grantor was the victim of any fraud, imposition or duress.

Upon these facts we think it cannot be doubted that the plaintiff's grantor, by the act of execution and delivery of the deed, became estopped from insisting, as against these defendants, that it was not duly acknowledged. It is in form unassailable, and purports to be a literal compliance with the requirements of law to make it a valid grant of the entire title, and he could not be permitted to say that it does not speak the truth, or that after its execution there still remained in him the power to grant the property to another and thus defeat its operation as a conveyance. If the acknowledgment out of the county of the notary's residence was unauthorized, the plainest principles of justice would seem to require that the grantor should be debarred from subsequently asserting, to the prejudice of the innocent grantees, that he co-operated with the officer to place upon the instrument a false certificate, which, if honestly done, was an error of judgment; and, if done with evil intent, a crime. The due acknowledgment of the instrument must be held to be beyond the reach of successful contradiction by him. He assumed to convey a title, good as against subsequent purchasers and incumbrances, and it is now sought to cut down the estate, so apparently conveyed, to a partial or modified grant, as it was termed in *Chamberlain* v. *Spargur* (86 N. Y. 608); or, adopting the descriptive words of the opinion in that case, to convert " a perfect and duly executed grant " into " an imperfect and unattested one." The grantor cannot in this way assail or destroy his grant. He is bound, as between him and his grantee, to uphold the verity of every material fact and admission contained in it. The rule is thus laid down in 2 Hermann on Estoppel (p. 743, § 607): " Where a conveyance sets forth the facts necessary to render it valid, it is conclusive against the grantor, whatever may be its effect as between the grantee and third persons." And, again (p. 749, § 613): " When a deed recites the existence of facts, which render it valid, unless contradicted, the recital may take effect as an estoppel." Also (p. 718, § 585): " So he cannot object that it (his deed) is inoperative by reason of informality of execution."

Exceptions are allowed in favor of matters not affecting the estate granted, such as the consideration, the date, and the like; but even these are carefully guarded, so as not to let in parol proof which will subvert the grant.

It may be shown that the true consideration is not expressed, but not that there was no consideration, if one is recited. The actual date of execution may be proven, although differing from the date named, unless the effect of the contradiction would be to vary the operation of the instrument, or defeat some right evidently intended to be conveyed, in which cases the recital of the date is conclusive.

We think it may therefore be safely affirmed as a general principle, that where the owner executes and delivers a deed of real property containing upon it a certificate of his appearance before an officer, authorized by law to take acknowledgments, at a place within his jurisdiction and an acknowledgment of its execution, and the certificate is signed by the officer, he cannot subsequently allege the invalidity of the certificate, even upon a jurisdictional ground, for the purpose of impairing the estate of the grantee.

It was virtually so held in the early case of *Jackson* v. *Colden* (4 Cow. 266), where a mortgage was acknowledged before a New York commissioner in Vermont, but the venue was laid in this state; and the mortgage recorded in the proper county and then assigned by the mortgagee. It was shown by the testimony of the commissioner that the acknowledgment was actually taken in Vermont, but the court say that both the mortgagor and mortgagee were estopped from claiming, as against the assignee of the mortgage, that it was not regularly acknowledged and recorded.

There are other cases holding that the certificate of acknowledgment is not conclusive; but when examined it will be found either that the question did not arise between the parties but between the grantee and third persons, as in *Jackson* v. *Humphrey* (1 John. 498); or that they were cases where the grantor was incompetent to execute a deed; (*Jackson* v. *Schoonmaker*, 4 John. 161); or was deceived by the grantee

(*Jackson* v. *Hayner*, 12 id. 469); or the deed was not delivered (*Jackson* v. *Perkins*, 2 Wend. 308.) It might be different if the certificate disclosed that the notary was acting outside of his jurisdiction. But the deed in this case represents him as taking the acknowledgment in the county of Schuyler, where his right to act is unquestioned. Even in the case of an estoppel *in pais*, this would be a sufficient answer to the objection that a void act could not be rendered valid by estoppel. The distinction is very clearly pointed out by Judge FINCH in *Veeder* v. *Mudgett* (95 N. Y. 295). Where under the law there is an entire lack of power to do the act in question, it cannot be made good by estoppel. But if the power to do the act existed and there was a way in which it could be lawfully exercised, and it purports to have been done in a lawful way, a person who has induced another to act upon the assumption that it was in fact done, in the manner in which it purported to have been done, may be estopped from questioning its validity.

The security of titles to real property would be greatly imperiled if every grantor was at liberty to show that his deed had not in fact been acknowledged before the officer signing the certificate, or that such officer was not within his jurisdiction when the acknowledgment was taken, or that he was not the officer he is represented in the certificate to be. In some states the officer taking the acknowledgment is not a competent witness to prove facts impeaching his certificate. His exclusion as a witness is not put upon the ground of any disqualifying statute, but from considerations of public policy. (*Central Bank* v. *Copeland*, 18 Md. 305; *Harkins* v. *Forsyth*, 11 Leigh. 307.)

In *Lickmon* v. *Harding* (65 Ill. 505) the grantee brought ejectment against the grantor, who attempted to show that the certificate of acknowledgment was false and forged, and it was held insufficient to avoid the deed, BREESE, J., saying: "The magistrate in taking the acknowledgment acted judicially. The duty is imposed upon him by the law of ascertaining the truth of the matters about which he is to certify.

Parties act on the faith of his certificate, and, in the absence of fraud and collusion, it must be entitled to full credit."

The plaintiff derives its claim of title to the property in dispute from the defendant's grantor by a conveyance subsequently executed, and is concluded by the acts of its grantor which affect the character of the estate previously granted. (2 Herm. on Estoppel, 720; *Goodrich* v. *Ogden,* 4 Johns. 140; *Bank* v. *Housman,* 6 Paige, 526; *Hill* v. *Hill,* 4 Barb. 419; *Lane* v. *Nickerson,* 17 Hun, 148; *House* v. *McCormick,* 57 N. Y. 310.)

Where an estoppel relates to an interest in land it passes with the land, and an estoppel by deed creates what in law is termed a title by estoppel. (2 Herm. 712, 718, §§ 578, 685.)

All who are in privity of estate are bound equally with the original parties, and the plaintiff takes nothing by its subsequent conveyance, because its grantor had divested himself of the power to make a further grant which would be effectual. It is evident the plaintiff did not rely upon the defective acknowledgment of the defendants' deed in taking its mortgage. The record of the deed was constructive notice, and in this case, undoubtedly, constituted actual notice to the plaintiff that the title was in the defendants, and that the mortgagor had no estate in the lands which he could encumber. It was, unquestionably, misled by the judgment record which adjudged the defendants' deed to be void because of the mental incapacity of the grantor at the time of its execution, but which was subsequently set aside as to these defendants on account of jurisdictional defects appearing in the judgment-roll. The hardship which the plaintiff encounters is, therefore, not due to any action on its part induced by a knowledge of the want of a sufficient acknowledgment of the defendants' deed; and as the provisions of the Recording Act apply in all such cases, it is not seen how the rule we have here applied can ever work injustice.

Section 936 of the Code, which declares that the certificate of acknowledgment of a conveyance is not conclusive, and that it may be rebutted and the effect thereof contested by a

party affected thereby, cannot be invoked to prevent the operation of an estoppel by deed. It merely prescribes a rule of evidence, while an estoppel by deed involves a rule of property. It cannot avail to destroy existing property rights, or to avoid the consequences of an act, subsequent to the acknowledgment, which is conclusive upon the grantor and forecloses all investigation into the truth of his representations.

It has been said that estoppels differ from evidence, in this, that the former are received as conclusive and preclude all inquiry into the merits of the title, while evidence is merely the medium of establishing facts which do exist or have existed. (2 Herm. 712.)

The judgment should be reversed and a new trial ordered, with costs to abide event.

All concur, except FINCH, J., not voting, and PECKHAM, J., not sitting.

Judgment reversed.