MARY T. HYDE v. L. H. KENT.

FILED FEBRUARY 4, 1896. No. 5963.

1. District Court: ADJOURNMENT FOR TERM: REVIEW. This court will not presume the adjournment *sine die* of a term of the district court from the fact that a period of twenty-three days has intervened since a given day thereof.

2. Order Setting Aside Judgment: SUMMONS: REVIEW. Action of the district court in setting aside a judgment and quashing the summons irregularly issued and served, on motion and objection of the defendant at the same term, approved.

ERROR from the district court of Douglas county.    Tried below before DAVIS, J.

*Harwood, Ames & Pettis*, for plaintiff in error.

*William E. Healey, contra.*

POST, C. J.

We learn from the record of this cause that on the 19th day of April, 1892, which was a day of the February, 1892, term of the district court for Douglas county, the plaintiff in error recovered a judgment therein by default against the defend-ant in error in the sum of $1,118 and costs.   On the 11th day of May, following, the defendant entered in said cause his objection to the jurisdic-tion of the court as follows:

"MARY T. HYDE ⎫
    v.      ⎬
L. H. KENT.  ⎭

"L. H. Kent, named above, defendant, appear-ing specially and only for the purpose of objecting to the jurisdiction of the court, and for the stating herein of such objection to the jurisdiction of the court the affidavit of said L. H. Kent, filed here-with, together with all the matters and things therein contained, are herein referred to and made a part hereof."

The record discloses no ruling upon the forego-ing objection, except as hereafter shown, and on December 10 of the same year a motion to quash the summons was interposed by the defendant as follows:

"MARY T. HYDE ⎫
    v.      ⎬
L. H. KENT.  ⎭

"The defendant, appearing specially and for the

purpose of this motion only, objects to the jurisdiction of the court and moves that the pretended service herein of summons be quashed, and for the stating·herein of such objection to the jurisdiction of the court, and the reasons for the quashing of said pretended service, the affidavit of said L. H. Kent, filed herein upon May 11, 1892, is referred to and made a part hereof."

Afterward, during the January, 1893, term, to-wit, on January 6, an order was entered setting aside the judgment above mentioned, in which it is recited that the defendant's objection to the jurisdiction of the court had been previously submitted and taken under advisement, and "that from a consideration of the evidence the court finds that the return of the sheriff of service of summons is untrue and that no proper service of summons was made upon the defendant." Exception was in due form taken to the order last named, and which is renewed in this court by proper assignment of error. The objection made to the service is that the summons issued February 6, and served February 13, named February 7 as the answer day. That such objection, if made in season, should have been sustained, is conceded by the plaintiff in error, and is apparent from an inspection of the record, since the summons was, by its command, made returnable the day after it was issued, and was served six days subsequent to the answer day therein named; but it is argued that the district court was without authority to entertain the objection when presented by motion at a term subsequent to that at which the judgment was rendered. It is, however, unnecessary to consider the merits of that proposition, for the reason that it is without any support in the record.

The judgment was, as already appears, rendered April 19, which was a day of the February, 1892, term, while the first objection to the jurisdiction of the court, accompanied by the evidence which was finally submitted to the court, was filed May 11, following, there being nothing to indicate whether the last named day was during the same or a subsequent term.   That this court may presume the adjournment *sine die* of a term of the district court from the lapse of time alone is apparent both from reason and authority.   (*Conway v. Grimes,* 46 Neb., 288.)   It would be useless at this time, if indeed it were possible, to determine the length of time necessary to raise such a presumption.   It is sufficient that an adjournment will not be presumed from the time (twenty-three days) intervening between the date of the judgment and the entering of the defendant's objection to process by which it was sought to obtain jurisdiction of the court over his person.   Plaintiff also relies upon the rule asserted in *Wilson v. Shipman,* 34 Neb., 573, viz., that all presumptions are in favor of the veracity of the return of the sheriff when assailed in this manner, and that in order to disprove the recitals thereof their falsity must be affirmatively shown.   But that rule can have no application to the case at bar, for the reason that the irregularity, for which the judgment was set aside, appears affirmatively from the transcript of the original summons and accompanying return, as well as from the affidavits of the defendant.

Our examination has been confined to the subjects discussed in the briefs of counsel, which do not include the question whether the ruling complained of is a final order, within the meaning of the Code, which may be reviewed upon petition in

error pending further proceedings in the case by the district court. Upon that question it is, for reasons stated, needless to express any opinion. There is no error in the record, and the order of the district court must be

AFFIRMED.