LOUIS E. SCHWABE ET AL., APPELLEES, V. AMERICAN RURAL
CREDITS ASSOCIATION, DEFENDANT: SAMUEL F. SANDERS
ET AL., APPELLANTS.

FILED DECEMBER 15, 1919. No. 20552.

1. **Judgment by Default:** DENIAL OF INTERVENTION. Judgment by default was entered against the corporation in the ·sum of $24,625, the petition alleging damages in that amount by reason of the sale to the plaintiffs of shares of stock in the amount of $1,400 and a failure upon the part of defendant to make a loan for $14,000. No special damages were alleged. Afterwards, but during the same term of court, certain stockholders intervened, asking that the default judgment be vacated, so that they might file answers setting up certain defenses, and bring in issue the amount of plaintiff's damages. The application of the intervening defendants was denied. *Held*, error.

2. **Appearance, Denial of:** ERROR. Prior to asking the vacation of the judgment, the intervening stockholders, in behalf of the corporation, and during the term at which the default judgment was entered, made special appearance, objecting to the jurisdiction of the court over the defendant, for want of notice, no summons having been served upon any officer or agent of the corporation. The special appearance was overruled. *Held*, error.

3. **Corporations:** FOREIGN CORPORATION: SERVICE OF SUMMONS. At the time of commencing action, the defendant, a foreign corporation, had never domesticated itself within this state; it was not at the time doing business in this state; nor had it ever filed with the state auditor written authority for him to accept service for it. A service of summons upon the deputy state auditor, who never forwarded a copy of the summons to the foreign corporation and was under no duty to forward it, would not constitute service upon the corporation.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*E. D. Crites* and *F. A. Crites,* for appellants.

*George W. Plantz* and *William P. Rooney, contra.*

CORNISH, J.

The plaintiffs subscribed for stock in the defendant American Rural Credits Association, a Delaware corpo-

ration, organized for the purpose of engaging in the mortgage loan business on the amortization plan, similar to that of federal land banks, and gave their note therefor in the sum of $1,400, which note was sold to the Citizens State Bank of Chadron. Later the bank recovered a judgment for $1,550.26 on the note, which judgment the plaintiffs paid. Shortly afterwards the association ceased to do business in this state. Thereupon plaintiffs brought suit against the association in Dawes county, claiming to have been damaged in the sum of $24,192, on account of the sale of the stock to them, and because of its failure to make a loan to the plaintiffs in the sum of $14,000, which was provided for in the agreement wherein the plaintiffs subscribed for the stock. Judgment upon default was had against the association in the sum of $24,625. Afterwards, but during the same term of court, certain stockholders in the defendant corporation attempted to intervene for the protection of their rights. They first made a special appearance for the purpose of objecting to the court's jurisdiction to enter judgment against the defendant for want of notice. This special appearance being overruled, they appeared specially, asking leave to intervene, and that the judgment be vacated for reasons set forth in their affidavits. This special appearance being overruled, the interveners again moved the court to set aside the judgment by default, so that the interveners, stockholders, could intervene and make defense to the suit for reasons specified in their accompanying affidavits, which motion was overruled. The affidavits point out that the basis of plaintiffs' action is damages accruing to them in the payment of $1,400 for shares of stock; that no special damages are alleged in the petition, and that it is impossible that the plaintiffs could have been damaged in the sum of $24,625 by reason of such payment for stock; that as stockholders interveners are interested in the subject-matter of the action; and that they had no notice of the action until default judgment was entered. The affidavits

contain statements of fact to show that no sufficient notice was ever given to the corporation; that the corporation has failed to make an appearance in the suit against it; and that there is no person to whom the objecting stockholders can apply to make a defense, if they are not admitted for that purpose.

In this ruling, last above mentioned, we are of opinion that the trial court erred. It would seem impossible that the plaintiffs could have suffered damages in the sum of $24,625 by reason of the purchase of shares of stock amounting to $1,400 and failure of the association to make the loan. The interveners, as stockholders of the corporation, had a right to intervene for their own protection as stockholders. Their motion was made during the term in which the default was entered, and we are of opinion that it was an abuse of the trial court's discretion to refuse to set aside the judgment and permit the intervening stockholders to contest the amount of plaintiffs' damages and make other defenses. *Hyde v. Kent,* 47 Neb. 26; *State v. Holmes,* 60 Neb. 39; *Cobbey v. Wright,* 23 Neb. 250; *Bradley v. Slater,* 58 Neb. 554; *Coates v. O'Connor,* 102 Neb. 602.

The court should also have entertained and sustained the interveners' special appearances, objecting to the jurisdiction of the court to enter judgment. Stockholders, for their own protection, were entitled to have the corporation legally in court, if at all. Three summonses were issued: one to the sheriff of Douglas county, which the sheriff returned, stating that he did not find the defendant in his county; that Mr. Odell, then secretary of the federal land bank, stated to him that he had not been an officer of the company since July, 1916, and that he did not doubt Odell's word. Afterwards the sheriff made another return of service entitled "Sheriff's Amended Return to Comply with Order of Court," in which he undertakes to make service upon Frank J. Odell, as secretary of the corporation, at room 701, W. O. W. building. The facts are that this room never was the

office of the defendant association, and Frank J. Odell was not at the time an officer or agent of the association.

Another summons was issued to the sheriff of Dawes county, which was served upon one W. A. Carmean, as an officer or agent of the association. In fact, he was not and never had been such an officer or agent that service could be had upon him. He was an officer of the bank which purchased the note given by the plaintiffs, and put in judgment.

The third and last summons was issued to the sheriff of Lancaster county. The return shows service upon the deputy state auditor. The deputy state auditor did not send copy of the summons to the defendant corporation, but returned it to the clerk of the district court, with a letter stating that service could not be made upon him for the reason that the corporation had never domesticated itself within the state. At the time service was attempted the association had never domesticated itself; it had never filed the written authority which the law requires, authorizing the auditor to accept service for it; and, furthermore, as the record shows, it was not at that time, and had not been for a long period prior thereto, attempting to do business in this state, but had quit the state. Whether a service upon the deputy state auditor is a compliance with the law requiring a service upon the auditor, it is not necessary to decide, because the service attempted in this case would, in no event, be sufficient. A copy of the summons was not forwarded to the association by the auditor. No duty was upon the auditor to forward it; nor does the record show facts from which a presumption of notice, or estoppel to deny notice, could arise. *Poeggler v. Supreme Council, C. M. B. A.,* 102 Neb. 608.

REVERSED.

LETTON, J., concurs in the conclusion.