**MUTUAL LIFE INS. CO. OF NEW YORK v. CUNNINGHAM et al.**

No. 10428.

Circuit Court of Appeals, Eighth Circuit.

Feb. 1, 1937.

A. H. Sargent, of Cedar Rapids, Iowa (Frederick L. Allen, of New York City, and Deacon, Sargent & Spangler, of Cedar Rapids, Iowa, on the brief), for appellant.

Pressey H. Frank, of Waterloo, Iowa (Longley & Frank and Ralph William Travis, all of Waterloo, Iowa, on the brief), for appellees.

Before STONE, SANBORN, and VAN-VALKENBURGH, Circuit Judges.

STONE, Circuit Judge.

This is a bill in equity by appellant brought against the beneficiaries after the death of the insured to cancel a policy upon the life of Thomas F. Cunningham. After a hearing upon the merits a decree was entered dismissing the complaint, from which decree the Insurance Company brings this appeal. The basis of the complaint is the violation of a provision in the application for the policy, which application is made part of the policy, providing that the proposed policy shall not take effect "unless and until delivered to and received by the Insured, the Beneficiary or by the person who herein agrees to pay the premiums, during the Insured's continuance in good health and unless and until the first premium shall have been paid during the Insured's continuance in good health; except in case a conditional receipt shall have been issued as hereinafter provided." The contentions of the company in its complaint were that the insured was not in good health at the time of the delivery of the policy or the payment

of the premium and that the premium was not paid.

Appellant presents here several matters. We discuss only such as are necessary to decision here.

## I. Equitable Jurisdiction.

The first of these has to do with the jurisdiction of the court as a court of equity. Appellees are not challenging here the jurisdiction of the court (as a court in equity) which entered this decree in their favor. They have not appealed and make no contention here. We might pass by the point, but, since appellant suggests it, we notice it to set at rest an erroneous contention made by appellant in connection therewith. The facts in connection with this issue are that the insured died December 10, 1932; that on February 6, 1933, the beneficiaries received from the company a letter denying liability; that on February 23, 1933, the company filed this suit in the proper United States District Court and upon the same date the beneficiaries served notice of the commencement of an action upon the policy in the state court; that the policy contained a clause making it incontestable after two years from its date of issue (March 25, 1932), except for nonpayment of premium. A motion was filed by complainant to stay the action upon the policy in the state court and an answer, in the nature of a motion to dismiss, was filed by the defendants to dismiss this bill for want of equity in that an adequate legal remedy existed for the complainant to defend in the action upon the policy. The court sustained the motion to stay and stated "such ruling disposes of the issue raised by the answer of the defendants in this equity cause." Amended answers were filed containing, among other things, the substance of the above answer.

The appellant contends that this matter of jurisdiction is foreclosed by the failure of the beneficiaries to appeal and relies upon the case of Peoria & Pekin Union Ry. Co. v. United States et al., 263 U.S. 528, 44 S.Ct. 194, 68 L.Ed. 427. At pages 535 and 536 of 263 U.S., 44 S.Ct. 194, 196, 197, 68 L.Ed. 427, the court discusses the contention of the United States (one of the appellees) that the decree therein denying a temporary injunction should have been affirmed because the action was brought in the wrong District Court. The court there determines that this was a matter of venue which could be waived and

that the United States, although it had made the objection below, had lost its right to insist thereon through failure to bring a cross-appeal.

■ It is true that the question of whether a suit is cognizable in law or in equity is not strictly a question of jurisdiction in the sense of the power of a federal court to act (Di Giovanni et al. v. Camden Fire Ins. Ass'n, 296 U.S. 64, 69, 56 S.Ct. 1, 3, 80 L.Ed. 47; Pennsylvania v. Williams, 294 U.S. 176, 181, 55 S.Ct. 380, 383, 79 L.Ed. 841, 96 A.L.R. 1166) and that such may be waived by the parties (above cases and others). However, the rule seems to be that jurisdiction in equity as opposed to law cannot be imposed upon the courts even by consent of the parties so as to prevent either the trial or the appellate courts from raising the question and taking such action as seems proper to promote justice (Pennsylvania v. Williams, 294 U.S. 176, 181, 55 S.Ct. 380, 383, 79 L.Ed. 841, 96 A.L.R. 1166; Matthews v. Rodgers, 284 U.S. 521, 524, 52 S. Ct. 217, 219, 76 L.Ed. 447; Twist v. Prairie Oil & Gas Co., 274 U.S. 684, 690, 47 S.Ct. 755, 757, 71 L.Ed. 1297; Duignan v. United States et al., 274 U.S. 195, 199, 47 S. Ct. 566, 567, 568, 71 L.Ed. 996; Singer Sewing Machine Co. v. Benedict, 229 U.S. 481, 484, 33 S.Ct. 942, 57 L.Ed. 1288; Southern Pac. R. Co. v. United States, 200 U.S. 341, 349, 26 S.Ct. 296, 50 L.Ed. 507; City of Detroit v. Detroit Citizens' St. Ry. Co., 184 U.S. 368, 381, 22 S.Ct. 410, 46 L.Ed. 592; Allen v. Pullman's Palace Car Co., 139 U.S. 658, 662, 11 S.Ct. 682, 35 L.Ed. 303)—the Twist Case probably has the fullest exposition of this choice of the trial and appellate courts to notice or ignore the question of equitable jurisdiction.

■ From the above authorities it results that this court is not precluded from noticing and determining this 'matter of jurisdiction simply because appellees have not appealed from the decree sustaining the jurisdiction in equity, but that in such determination it has a choice of action in treating the matter as waived or not as may seem to comport with justice in view of the situation. The appellees would be entitled to have the case remanded with instruction for proper order of suspension until determination of the action at law if any prejudice could be shown if this were not done. Di Giovanni v. Camden Fire Ins. Ass'n, 296 U.S. 64, 56 S.Ct.

1, 80 L.Ed. 47; Enelow v. New York Life Ins. Co., 293 U.S. 379, 384, 385, 55 S.Ct. 310, 312, 79 L.Ed. 440; Adamos v. New York Life Ins. Co., 293 U.S. 386, 55 S. Ct. 315, 79 L.Ed. 444. For proper procedure see Rohrback v. Mutual Life Ins. Co. of New York, 82 F.(2d) 291, 293 (C.C.A. 8). However, it seems to us they cannot be prejudiced by leaving the jurisdiction here undisturbed, since the facts found by the court are sustained by the evidence and those facts are as favorable as could be found for appellees by a jury—leaving the matter here a question of law.

## II. Iowa Statute.

The controlling question on the merits is the effect of an Iowa statute. That statute provides that "In any case where the medical examiner * * * shall issue a certificate of health * * * the company * * * shall be thereby estopped from setting up in defense of the action on such policy or certificate that the assured was not in the condition of health required by the policy at the time of the issuance or delivery thereof, unless the same was procured by or through the fraud or deceit of the assured" (section 8770, Code of Iowa 1931).

The facts as found by the trial court and as sustained by the evidence are that there was no actual fraud or deceit on the part of the assured in securing this policy; that the medical examiner of the company had examined and certified the insured as a fit subject for insurance; that there was no change in the health of the assured between the time of the examination and the delivery of the policy, and that the health of the insured was in a precarious condition at both of the above times, although he was ignorant of that fact. Thus it is clear that the facts necessary to make the statute applicable here are present.

However, appellant contends that this statute is not controlling because it is either a pure remedial right or is a limitation of equitable jurisdiction, and that in either case it is not binding upon a federal court acting in equity as here. While conceding that if the statute is to be regarded in either of the above lights it is not binding, appellees contend that it cannot be so regarded, but that it is a part of the contract of insurance affecting the substantive rights of the parties.

The statute has been construed by the Supreme Court of the state to relate to the remedy. Nelson v. Nederland Life Ins.

Co., 110 Iowa, 600, 81 N.W. 807; and see citations of the Nelson Case in Baldwin v. Supreme Tribe of Ben Hur, 203 Iowa, 198, 212 N.W. 562, 563; Dixon v. Northwestern National Life Ins. Co., 189 Iowa, 1268, 179 N.W. 885, 889; Rauen v. Prudential Ins. Co., 129 Iowa, 725, 730, 106 N.W. 198, 200; 32 C.J. p. 977, note 44. While the above decisions have so defined the statute, yet in the later case of Mickel v. Mutual Life Ins. Co., 204 Iowa, 1266, 1271, 213 N. W. 765, 768, after discussing the Iowa cases construing this statute, the court says:

"An insurance company may not contract with an applicant for insurance in disregard of such enactment and bind him thereto.

"The provisions of the application relied upon as a defense in this case are not, per se, invalid under section 8770 of the Code of 1924, but, if the statute is applicable where the illness arose wholly subsequent to the date of the medical examination and report of the medical examiner, then they cease to be effective immediately upon the delivery of the policy and the acceptance thereof by the insured. It follows from what we have already said that an insurance company has a right to contract with an applicant that the policy shall not go into effect until delivery thereof to such applicant while he is in good health, but such provision is for the sole benefit of the insurer and gives to it the option to refuse to deliver the policy to the applicant, if he is not at the time in good health. In other words, the insurer has the option of withholding the policy, in which event it would not go into effect, or of delivering it to the insured. If it accepts the latter alternative, the policy goes into effect at once, and the bar of the statute precludes the insurer from setting up the contract as a defense in an action thereon."

■ There is a seeming conflict between the Nelson Case (including the above citations thereof) and the later Mickel Case as to whether this statute goes merely to the remedy, as held in the Nelson Case, or is a rule of substantive law passing into the contract, as held in the Mickel Case. If this conflict exists, we must accept the rule of the Mickel Case as being the latest pronouncement of the Supreme Court of the state. If this is the situation, the statutory provision becomes a part of the contract in the sense that the contract is governed thereby and United States courts acting in equity will enforce it. John Hancock Mut. Life Ins. Co. v. Yates, 57 S.Ct. 129, 81 L.Ed. ——, decided December 7, 1936; Mason v. United States, 260 U.S. 545, 557–559, 43 S.Ct. 200, 203, 204, 67 L.Ed. 396; Missouri, etc., Trust Co. v. Krumseig, 172 U.S. 351, 358, 19 S.Ct. 179, 43 L.Ed. 474; Brine v. Hartford Fire Ins. Co., 96 U.S. 627, 633, 24 L.Ed. 858.

■■ However, the above conflict may be more seeming than real when we give regard to the method and effect of the statute. The statute declares an "estoppel" in a certain fact situation. This estoppel is positive and not rebuttable. When the fact situation exists (as here), the statute exerts its full force and the provisions in the contract relating to innocent false statements in the application for insurance lose all influence whatever may be the fact as to the truth or falsity of such statements. Thus the effect of the statute is, in a practical sense, to change the contract while the method of bringing about that effect is through estoppel which is often regarded as remedial. This is that character of estoppel which is really "a rule of substantive law masquerading as a rule of evidence." The Carso, 53 F.(2d) 374, 378 (C.C.A.2), and see Mutual Life Ins. Co. v. Corey, 135 N.Y. 326, 31 N.E. 1095, and 21 C.J. 1060. Where a statute is of this character it does not limit the equitable jurisdiction of the United States courts and will be recognized and enforced in such courts. New York Life Ins. Co. v. Simons, 60 F.(2d) 30, 32 (C.C. A.1), certiorari denied 287 U.S. 648, 53 S. Ct. 93, 77 L.Ed. 560. Statutes of this character have been repeatedly held valid and have been enforced in law actions. Northwestern National Life Ins. Co. v. Riggs, 203 U.S. 243, 27 S.Ct. 126, 51 L.Ed. 168, 7 Ann.Cas. 1104; John Hancock Mutual Life Ins. Co. v. Warren, 181 U.S. 73, 21 S. Ct. 535, 45 L.Ed. 755; Orient Ins. Co. v. Daggs, 172 U.S. 557, 565, 566, 19 S.Ct. 281, 43 L.Ed. 552; Jones v. Brim, 165 U.S. 180, 183, 17 S.Ct. 282, 41 L.Ed. 677. Thus under either view of the above Iowa decisions, the statute is enforceable in this action in equity.

Appellant relies much upon Hesselberg v. Ætna Life Ins. Co., 75 F.(2d) 490, a decision of this court. This reliance is based upon an expression in that opinion as follows: "'* * * nor do state laws 'ordinarily constitute a rule of decision binding on federal courts of equity'" 75 F.

(2d) 490, at page 493. That was a case where an action to cancel a policy had been brought during the life of the insured. The decision dealt with the applicability, in an action for cancellation brought during the life of insured, of a Missouri statute (Mo.St.Ann. § 5732, p. 4373) to the effect that no representation made in an application procuring the policy should be deemed material or render the policy void unless the misrepresentation actually contributed to the loss. That decision was based upon a Missouri decision (Schuermann v. Union Central Life Ins. Co., 165 Mo. 641, 65 S.W. 723) which held that the statute had no application in a situation before loss. The question now before us was not present in the Hesselberg Case. An examination of the briefs in that case shows no such issue. The above-quoted language from the Hesselberg Case was not used in connection with any matter related to the issue here and is no authority thereon.

### III. Payment of Premium and Actual Fraud.

Appellant presents the issue of nonpayment of premium. The trial court found the premium was paid and the evidence supports such finding.

Appellant argues that there was actual fraud in failure of insured to disclose the condition of his health at the time of receipt of the policy by him. The trial court found there was no actual fraud and the evidence sustains the finding.

The decree is affirmed.