### YODER et al. v. NU-ENAMEL CORPORATION.

#### No. 11771.

Circuit Court of Appeals, Eighth Circuit.

Feb. 11, 1941.

Rehearing Denied March 27, 1941.

Sterling F. Mutz, of Lincoln, Neb., for appellants.

George W. Becker, of Omaha, Neb., (Francis L. Boutell, of Chicago, Ill., and Isidor Ziegler, I. J. Dunn, and D. L. Manoli, all of Omaha, Neb., on the brief), for appellee.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

The controlling questions are (1) whether the statutes of Nebraska authorize service of summons to be made upon the state auditor of public accounts, as against a foreign corporation that has been doing business in the state without qualifying and without appointing a resident agent, and (2), if so, whether such service may be made upon the state auditor after the corporation has ceased to do business in the state, on a cause of action arising out of its previous transaction of business therein.

The issues arise in an appeal by plaintiffs from a dismissal of their action by the district court, after an order sustaining defendant's special appearance and quashing the service of summons had upon the state auditor, and after plaintiffs' election to stand upon the service as made.

The action was one to recover damages for fraud in connection with a contract between plaintiffs and defendant, made in Nebraska, for the sale to plaintiffs, among other things, of three retail stores which defendant had been operating in that state. Suit was brought in the state court in Lancaster County, where the contract was executed, where part of it was to be performed, and where plaintiffs resided. It was removed by defendant to the federal court. Defendant was a Delaware corporation. It had never qualified in Nebraska or appointed a resident agent for service of process, and, before plaintiffs' action was instituted, it had ceased to do business in the state.

The material statute of Nebraska is § 24-1201. Neb.Comp.St.1929, which provides: "Such foreign corporation shall also make and file a certificate * * * appointing an agent or agents in this state * * * upon whom process, or other legal notice of the commencement of any legal proceeding, or in the prosecution thereof, may be served; and such service of process or of any such other legal notice, as aforesaid upon the auditor of public accounts, or upon any such agent, or agents, shall constitute valid service upon such corporation in all courts of this state, in counties where the cause of action, or some part thereof, arose, or in counties where the contract, or portion thereof entered into by such corporation has been violated or is to be performed." Another statute (Neb. Comp.St.1929, § 24-1206) prescribes a penalty for the failure of a foreign corporation, doing business in the state, to appoint a resident agent, but there is no provision invalidating such contracts as the corporation may have made.

In the application of a state statute, the federal courts are, of course, bound by the construction made by the courts of the state. Senn v. Tile Layers Union, 301 U.S. 468, 57 S.Ct. 857, 81 L.Ed. 1229. And the obligation to accept local interpretation extends not merely to definitive decisions, but to considered dicta as well. Hawks v. Hamill, 288 U.S. 52, 53 S.Ct. 240, 77 L.Ed. 610; Badger v. Hoidale, 8 Cir., 88 F.2d 208, 109 A.L.R. 798. Indeed, under the implications of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and West v. American Telephone and Telegraph Co., 61 S.Ct. 179, 85 L.Ed. ——, where direct expression by an authorized state tribunal is lacking, it is the duty of the federal court, in dealing with matters of either common law or statute, to have regard for any persuasive data that is available, such as compelling inferences or logical implications from other related adjudications and considered pronouncements. The responsibility of the federal courts, in matters of local law, is not to formulate the legal mind of the state, but merely to ascertain and apply it. Any convincing manifestation of local law, having a clear root in judicial conscience and responsibility, whether resting in direct expression or obvious implication and inference, should accordingly be given appropriate heed.

On the first question for determination, defendant argues, in support of the trial court's judgment, that the statute does not authorize service of process upon the state auditor, as the agent of a foreign corporation, unless the corporation has filed an appointment of him for this purpose. Reliance is placed upon an expression in Schwabe v. American Rural Credits Association, 104 Neb. 46, 175 N.W. 673, and the view there indicated supports defendant's contention. In the later case, however, of Wilken v. Moorman Manufacturing Co., 121 Neb. 1, 235 N.W. 671, 672.

where a foreign corporation was doing business in the state without having qualified or made any appointment for service of process, and where summons against the corporation was served upon the state auditor, the court, without reference to the Schwabe case, said: "We conclude that the service of summons upon the defendant corporation by delivery to the auditor of public accounts was sufficient to give the court jurisdiction." The court had also previously declared, in Buckley v. Advance–Rumely Thresher Co., 106 Neb. 214, 183 N.W. 105, 107, where the corporation had filed an appointment of a resident agent, but not of the state auditor—here too without reference to the Schwabe case—that "Service on the appointed agent *or on the auditor of public accounts* is sufficient". (Emphasis added.)

■ Under the two subsequent cases, the view indicated in the Schwabe case cannot be regarded as the present law of Nebraska. Where co-ordinate decisions of a state court are conflicting, the most recent pronouncement must be accepted by the federal court as declaring the law of the state. Mutual Life Insurance Co. v. Cunningham, 8 Cir., 87 F.2d 842; Layne-Western Co. v. Buchanan County, Mo., 8 Cir., 85 F.2d 343.

■ We must accordingly hold that, under § 24-1201, Neb.Comp.St.1929, as expressly and impliedly construed by the Supreme Court of that state, where a foreign corporation is doing business in the state, valid service of process may be made against it, upon the state auditor, without a specific appointment of such officer as its agent. By undertaking to do business in the state, the corporation accepts and is bound by the automatic appointment which the statute makes, and is thereby prevented from escaping responsibility to the citizens of the state and its tribunals, by a failure to qualify or to appoint a resident agent. The first question presented must therefore be answered adversely to defendant.

On the second question involved, defendant argues that, if § 24-1201, Neb.Comp.St. 1929, is to be construed as having automatically appointed the state auditor as its agent for service of process against it, such appointment and the authority of the state auditor to accept service of process must be held to have terminated when the corporation ceased to do business in the state. From the memorandum opinion contained in the record, it was on this ground that the trial court held the service of summons invalid.

The language of the statute does not indicate when the authority of the state auditor to accept service of process on behalf of a foreign corporation is intended to terminate, and the question therefore depends on judicial construction. Plaintiff contends that such authority ought to be held to be continuing as to any cause of action, in favor of a citizen of the state, arising out of the corporation's transaction of business therein, notwithstanding that the corporation in the meantime may have withdrawn from the state. The weight of authority, under corresponding statutes appears to support such a salutary construction. 8 Thompson on Corporations, 3rd Ed., 1014, § 6727; 21 R.C.L. 1344, § 94; 45 A.L.R. 1447, annotation.

■ But the answer to the question is to be resolved, not by logical impulse or from outside authority, if there exist any convincing, indicative utterances on the part of the Supreme Court of Nebraska. Among the grounds enumerated in Schwabe v. American Rural Credits Association, 104 Neb. 46, 175 N.W. 673, 674, for sustaining the special appearance of a foreign corporation as to service of summons made upon the state auditor, under the statute in question, appears the following: " * * * furthermore, as the record shows, it [the corporation] was not at that time, and had not been for a long period prior thereto, attempting to do business in this state, but had quit the state." In the absence of any other expression by the Supreme Court of Nebraska, the construction must be implied from this language, that the appointment made by § 24-1201, Neb.Comp.St.1929, of the state auditor as the agent of a foreign corporation for the service of process against it, when it undertakes to do business in the state, and the consent which is implied on the part of the corporation thereto, automatically terminate or expire when the corporation ceases to do business in the state. Whether the Supreme Court would depart from its previous expression, were the question again directly presented to it is not a proper matter for argument or speculation here. West v. American Telephone and Telegraph Co., supra.

On the second question presented, therefore, as the law appears to be in Nebraska at the present time, the trial court properly sustained defendant's special appearance.

Affirmed.